Wilsey **POIRRIER**, Plaintiff-Appellant,

v.

**NICKLOS DRILLING COMPANY,**
**Defendant-Appellee.**

No. 80–4004
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

June 26, 1981.

William P. Rutledge, Lafayette, La., for plaintiff-appellant.

Kent Westmoreland, Houston, Tex., for defendant-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

Plaintiff Poirrier places a single issue before this court for resolution: Whether a maritime personal injury action, commenced in state court under the "saving to suitors" clause of 28 U.S.C. § 1333,[1] can be removed to federal court on grounds of diversity of citizenship.

Poirrier was injured on an inland submersible drilling barge on the Atchafalaya River in Louisiana. Alleging the negligence of bargeowner Nicklos Drilling Co. (Nicklos) as the cause of his injuries, Poirrier filed suit in tort in the state courts of Louisiana. The defendant Nicklos, invoking the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, removed the action to the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. § 1441. Poirrier then moved the district court to remand the case on grounds that its removal violated the express provisions of the "saving to suitors" clause. That motion was denied.

Poirrier now seeks review of the district court's order denying remand through the alternative vehicles of appeal or petition for a writ of mandamus.

An order denying remand of a case removed to federal court is not a final

---

1. The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

. . . .

28 U.S.C. § 1333 (emphasis added).

order within the meaning of 28 U.S.C. § 1291 [2] and, standing by itself, it cannot be appealed unless certified by the district court according to the provisions of 28 U.S.C. § 1292(b).[3] *Capital Bancshares, Inc. v. North American Guaranty Ins. Co.*, 433 F.2d 279, 282 (5th Cir. 1970); *Lewis v. E. I. DuPont De Nemours & Co.*, 183 F.2d 29, 31 (5th Cir. 1950); 1A Moore's Federal Practice ¶ 0.169[2.–3], at 580 (2d ed. 1979); 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3740, at 768–69 (1976); 15 *id.* § 3914, at 547–48. Such certification was not obtained in the present case and we are therefore without jurisdiction to review this order on appeal.

■ Where the circumstances are appropriate, appellate court review of an unappealable interlocutory order may be obtained through a petition for a writ of mandamus. 1A Moore's Federal Practice, *supra*, ¶ 0.169[2.–3], at 581; 15 Wright, Miller & Cooper, *supra*, § 3914, at 548. *See Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 54–55 & n. 4 (5th Cir. 1963). This case, however, does not present the "exceptional circumstances" that would "justify the invocation of this extraordinary remedy." *See Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Wilkins v. American Export-Isbrandtsen Lines, Inc.*, 401 F.2d 151, 151 (2d Cir. 1968).

The district court did no more than deny remand where, on the face of the removal statute, 28 U.S.C. § 1441, and the grant of diversity jurisdiction, 28 U.S.C. § 1332, removal was entirely proper. Through his petition for mandamus, Poirrier challenges the power of a federal diversity court to retain jurisdiction of an action brought originally in state court under the "saving to suitors" clause of 28 U.S.C. § 1333—a challenge he would characterize as raising a basic and as yet undecided question in this circuit. We do not believe the question here raised, however, is of a kind sufficient to justify the exercise of our "advisory" mandamus power. *See Will v. United States, supra*, 389 U.S. at 107, 88 S.Ct. at 280; *Schlagenhauf v. Holder*, 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964); *United States v. Hughes*, 413 F.2d 1244, 1248–49 (5th Cir. 1969); *Sanders v. Russell*, 401 F.2d 241, 243–44 (5th Cir. 1968); 9 Moore's Federal Practice, *supra*, ¶ 110.28; 16 Wright, Miller, Cooper & Grossman, *supra*, § 3934.

■ This circuit has already recognized the removability, on diversity grounds, of maritime actions brought in state courts under the aegis of the "saving to suitors" clause:

In *Romero v. International Terminal Operating Co.*, 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, which was decided since this action was commenced in the lower court, it was made clear that *except in diversity cases*, maritime litigation brought in state courts could not be removed to federal courts.

*Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (ordering remand to state court of removed maritime action for lack of requisite jurisdictional amount) (emphasis added). *See also* 14 Wright, Miller & Cooper, *supra*, § 3674. Far from contradicting this view, the cases cited by Poirrier expressly support it. *See*

**2.** The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ... except where a direct review may be had in the Supreme Court.
28 U.S.C. § 1291.

**3.** 28 U.S.C. § 1292(b) provides:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immedi-

ate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Pacific Far East Line, Inc. v. Ogden Corp.,* 425 F.Supp. 1239, 1242–43 (N.D.Cal.1977); *J. J. Ryan & Sons, Inc. v. Continental Ins. Co.,* 369 F.Supp. 692, 695 (D.S.C.1974); *Hill v. United Fruit Co.,* 149 F.Supp. 470, 472 (S.D.Cal.1957). The "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies.* It does not guarantee them a nonfederal *forum,* or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty. *See* 14 Wright, Miller & Cooper, *supra,* § 3674.

The appeal is dismissed for lack of appellate jurisdiction; the petition for writ of mandamus is denied.