# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1346

_____

| | | |
|---|---|---|
| In the Matter of the Complaint of | * | |
| Lewis & Clark Marine, Inc., | * | |
| as owner or owner pro hac vice of | * | |
| the M/V Karen Michelle for | * | |
| Exoneration from or Limitation of | * | |
| Liability, | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the |
| | * | Eastern District of Missouri |
| v. | * | |
| | * | |
| James F. Lewis, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   September 16, 1999

Filed:   November 5, 1999

_____

Before McMILLIAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

This is a federal admiralty case involving an underlying Jones Act personal injury action brought in Illinois state court by James F. Lewis (Claimant) against Lewis & Clark Marine, Inc. (Lewis & Clark). Lewis & Clark presently appeals from an interlocutory order entered in the United States District Court for the Eastern District of Missouri dissolving a restraining order that the district court had previously entered to enjoin Claimant's state court action from further proceedings; upon dissolution of its restraining order, the district court also stayed the present federal action brought by Lewis & Clark seeking its exoneration from or limitation of liability. See In re Complaint of Lewis & Clark Marine, Inc., Case No. 4:98CV0503 (MLM), (E.D. Mo. Dec. 22, 1998) (hereinafter "Memorandum and Order"). For reversal, Lewis & Clark argues that the district court abused its discretion in dissolving its restraining order and staying the federal admiralty action because (1) the federal district court has exclusive jurisdiction to adjudicate Lewis & Clark's right to exoneration from or limitation of liability and (2) Claimant's Illinois state court action was properly enjoined under the circumstances of the present case. For the reasons discussed below, we reverse the order of the district court and remand the case to the district court for further proceedings consistent with this opinion.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. § 1333; 46 U.S.C. app. §§ 181-196. Jurisdiction in the court of appeals is proper based upon 28 U.S.C. § 1292(a)(1). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

Lewis & Clark is a Missouri corporation with its principal place of business in Granite City, Illinois. At all times relevant hereto, Lewis & Clark was the owner or, alternatively, owner *pro hac vice* of the M/V KAREN MICHELLE. On March 17,

1998, Claimant was purportedly injured while working for Lewis & Clark as a deckhand aboard the M/V KAREN MICHELLE. See Memorandum and Order at 1. One week later, on March 24, 1998, Lewis & Clark filed a "Complaint for Exoneration from or Limitation of Liability" (hereinafter "Complaint") in the United States District Court for the Eastern District of Missouri pursuant to the Limitation of Liability Act, codified as amended at 46 U.S.C. app. §§ 181-196. See Joint Appendix at A1-A5 (hereinafter "App.").

On April 2, 1998, Claimant sued Lewis & Clark in state court in Madison County, Illinois, seeking damages for personal injuries allegedly sustained in the March 17, 1998, incident. See James F. Lewis v. Lewis & Clark Marine, Inc., No. 98-L-233 (Apr. 2, 1998) (hereinafter "the state court action") (located in App. at A30-A37). Claimant asserted three counts: (1) negligence under the Jones Act, 46 U.S.C. app. § 688; (2) unseaworthiness; and (3) maintenance and cure. See id. Claimant did not demand a jury trial in the state court action and does not dispute that it would not be tried to a jury. See Memorandum and Order at 2.

On May 8, 1998, the federal district court entered an "Order Approving Stipulation for Costs and Security for Value and Directing the Issuance of Notice, and Restraining Suits." See App. at A19-A21. In this order, the district court approved the surety bond in the amount of $450,000 as security for Lewis & Clark's interest in the M/V KAREN MICHELLE. See id. at A20. The district court further directed that any person with a claim related to the March 17, 1998, incident file said claim with the court on or before June 12, 1998. See id. at A20-A21. Finally, the district court enjoined the institution or prosecution of any other suits against Lewis & Clark relating to the incident involving the M/V KAREN MICHELLE on March 17, 1998. See id. at A21.

On June 9, 1998, Claimant filed his Answer to Lewis & Clark's Complaint, as well as a Claim for Damages for Injury and a Motion to Dissolve Restraining Order

(hereinafter "Motion"). See id. at A45-A53. Claimant initially contested Lewis & Clark's right to exoneration from or limitation of liability, see id. at A45, and claimed an amount in excess of the limitation fund. See id. at A49. In his Motion, Claimant sought to dissolve the May 8, 1998, injunction so that he might pursue his state court action. To this end, Claimant asserted that he was the sole claimant seeking damages with respect to the March 17, 1998, incident. See id. at A52. He also stated that he "waive[d] any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in state court" and "stipulate[d] to [Lewis & Clark's] right to litigate issues relating to the limitation in this limitation proceeding." Id. On July 24, 1998, Claimant filed a Second Stipulation in the district court, stating that the value of his claim in the federal action was less than $400,000 and thus less than the value of the limitation fund deposited with the district court by Lewis & Clark. See id. at A79.

On December 22, 1998, the district court granted Claimant's Motion and entered an order both dissolving the prior restraining order enjoining related litigation and staying the federal court action pending final resolution of Claimant's Illinois state court action. See Memorandum and Order at 11-12. This appeal followed.

## Discussion

Statutory Background

The Limitation of Liability Act (hereinafter "Limitation Act"), was "adopted primarily to encourage the development of American merchant shipping." Lake Tankers Corp. v. Henn, 354 U.S. 147, 150 (1957) (Lake Tankers). To this end, the Limitation Act "exempt[s] innocent shipowners from liability, beyond the amount of their interest." Norwich & N.Y. Transp. Co. v. Wright, 80 U.S. (13 Wall.) 104, 121 (1871). Specifically, the Limitation Act permits a shipowner to limit its liability to damage claimants to the value of its interest in the vessel and the vessel's pending freight, so long as the loss is incurred without the shipowner's "privity or knowledge."

-4-

46 U.S.C. app. § 183.  See also In re Complaint of Universal Towing Co. v. Barrale, 595 F.2d 414, 417 (8th Cir. 1979) (Universal Towing).

Thus, when faced with potential liability for a maritime accident, a shipowner may demand a federal district court judgment for exoneration from or limitation of liability.  See Fed. R. Civ. P. Supplemental Admiralty & Maritime Claims Rule F(2) (hereinafter "Supp. AMC Rule").  In addition to filing a complaint, the shipowner must deposit with the court an amount representing the value of the vessel and its freight, to serve as the "limitation fund" from which damage claims are satisfied.  See 46 U.S.C. app. § 185; Supp. AMC Rule F(1).  Upon the shipowner's compliance with these requirements, the district court must enjoin all related claims against the shipowner pending in any other forum and issue a notice to all potential claimants directing them to file their claims against the shipowner in the district court within a specified time.  See 46 U.S.C. app. § 185; Supp. AMC Rules F(3), F(4); see also In re Petition of Beiswenger Enter. Corp. v. Carletta, 86 F.3d 1032, 1036 (11th Cir. 1996) (Beiswenger), cert. denied, 520 U.S. 1275 (1997); Universal Towing, 595 F.2d at 417.  Claimants may then file damage claims in the district court within the specified period as well as answers contesting the right to exoneration from or limitation of liability.  See Supp. AMC Rule F(5).  After all damage claims have been timely filed, the district court determines "if a loss occurred; whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the fund should be distributed."  Universal Towing, 595 F.2d at 417.

The federal district courts have exclusive admiralty jurisdiction over suits brought pursuant to the Limitation Act.  See 28 U.S.C. § 1333 (1998); In re Muer, 146 F.3d 410, 417 (6th Cir. 1998) (citing Ex Parte Green, 286 U.S. 437, 439-40 (1932)), cert. denied, 119 S.Ct. 867 (1999); Beiswenger, 86 F.3d at 1036 (citing same).  The district court also sits without a jury in such admiralty actions.  See Waring v. Clarke, 46 U.S. (5 How.) 441, 459 (1847) (holding that the Seventh Amendment applies only

to cases brought at common law, not those brought in admiralty); Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983) (per curiam) (explaining that limitation actions involve no jury trial right).  Moreover, as stated above, the federal district court typically enjoins claimants from pursuing common law actions in other fora.  See In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona, 836 F.2d 750, 755 (2d Cir. 1988) (Dammers).   However, the same statute that grants this exclusive jurisdiction to the federal district courts also  "sav[es] to suitors in all cases all other remedies to which they are entitled."  28 U.S.C. § 1333.  This "saving to suitors" clause embodies a "presumption in favor of jury trials and common law remedies."  Dammers, 836 F.2d at 754.

Given the competing interests of claimants (seeking "other remedies" such as jury trials) and shipowners (desiring resolution of liability issues in a federal forum but without a jury), a critical tension emerged between the "saving to suitors" clause and the federal courts' exclusive jurisdiction over limitation actions.  See, e.g., Jefferson Barracks Marine Serv., Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir. 1985) (Jefferson Barracks) ("The conflict between the Limitation of Liability Act . . . and the 'saving to suitors' clause  . . . has been troublesome for the courts.").  Courts have attempted to resolve this conflict between the Limitation Act and the "saving to suitors" clause by carving out two exceptions in which a claimant "must be allowed to pursue an action in another forum and have the claim tried before a jury."  Valley Line Co. v. Ryan, 771 F.2d 366, 372 (8th Cir. 1985) (Valley Line).  The "adequate fund" exception occurs when the value of the limitation fund exceeds the total value of all the claims asserted against the shipowner.  See id. (citing Lake Tankers, 354 U.S. at 152).  The "sole claimant" exception arises when only one claim is asserted against the shipowner.  See id. at 373.  If either exception applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings," so long as the shipowner's

limitation proceeding rights are adequately protected via certain stipulations filed by the claimant with the district court.[2] Id.

Before the applicability of these exceptions can be considered, there must be a finding of actual statutory conflict between the Limitation Act and the "saving to suitors" clause in the case at bar. Cf. Valley Line, 771 F.2d at 372 (stating that "insofar as limitation proceedings deprive claimants of their right to jury trial, they are in direct conflict with the provisions of 28 U.S.C. § 1333" and then analyzing the applicability of the two exceptions); Universal Towing, 595 F.2d at 417 (similarly inquiring into conflict issue first and then examining exceptions). But cf. Kreta Shipping, S.A. v. Preussag Int'l Steel Corp., No. 98-7899, 1999 WL 710117, at *6-8 (2d Cir. Sept. 13, 1999) (staying "adequate fund" case in federal admiralty court and allowing action in foreign forum to proceed, irrespective of whether conflict between the Limitation Act and the "saving to suitors" clause exists). The threshold "conflict" inquiry most often involves analysis of both the shipowner's right to limitation and the claimant's attempt to preserve a jury trial remedy. See Valley Line, 771 F.2d at 369-70; Jefferson Barracks, 763 F.2d at 1008; Universal Towing, 595 F.2d at 415; see also In re Complaint of Eagle Marine Indus., Inc. v. Macke, Case No. 4:97CV0357 ERW, slip op. at 6 (E.D. Mo. Oct. 16, 1997) (Eagle Marine) (stating that, where plaintiff waived her jury trial right in an Illinois state court action, "there is not a conflict between the shipowner's right to limitation and the claimant's right to a jury trial, and so this Court should not consider dissolving the injunction."). More generally, in considering this potential tension between the Limitation Act and the "saving to suitors" clause, a court must look to whether (1) the shipowner has the right to remain in federal court and (2)

_____

[2]Prior to dissolution of the injunction, claimant must file stipulations that include: (1) claimant's concession that "the value of the fund is the value of the vessel and its freight"; (2) claimant's waiver of "any right to a claim of res judicata based on the state court judgment"; and (3) claimant's concession that "the district court has exclusive jurisdiction to determine all issues affecting the shipowner's right to limit its liability." Valley Line Co. v. Ryan, 771 F.2d 366, 373 (8th Cir. 1985).

the claimant is seeking "saved" remedies in a forum other than the federal admiralty court. See Eagle Marine, slip op. at 4-6; In re Complaint of S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 1982 A.M.C. 2940, 2942-43 (N.D. Ohio 1982).

In the present case, the district court held that Claimant met the "adequate fund" exception to the federal court's exclusive admiralty jurisdiction over limitation proceedings because the $450,000 limitation fund exceeded the total value of all claims asserted against the vessel owner, which amounted to $400,000. See Memorandum and Order at 8. The district court found that Claimant might qualify for relief under the "sole claimant" exception as well. See id. at 9 n.3. The district court rejected the arguments that Lewis & Clark had the right to exoneration from liability (in addition to limitation of liability in federal court), see id. at 9, and that Claimant's waiver of his right to a jury trial precluded application of the two exceptions to the federal court's exclusive admiralty jurisdiction over these types of claims. See id. at 9-10 n.9.

We review the district court's order dissolving the injunction and lifting the stay under an abuse of discretion standard. See In re Helena Marine Serv., Inc., 564 F.2d 15, 18 (8th Cir. 1977) ("In administering equitable relief under [the Limitation of Liability Act], and particularly in deciding whether to dissolve the stay of proceedings to allow claimants to proceed against the shipowner in other courts, the District Court exercises broad equitable discretion."), cert. denied, 435 U.S. 1006 (1978). "Abuse of discretion occurs if the district court reaches its conclusion by applying erroneous legal principles or relying on clearly erroneous factual findings." Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999) (quoting Fogie v. THORN Americas, Inc., 95 F.3d 645, 649 (8th Cir. 1996), cert. denied, 520 U.S. 1166 (1997)).

Jurisdiction in Federal Court

Claimant initially questions whether the federal court retains exclusive jurisdiction over the limitation proceeding, given that Claimant has already stipulated to the adequacy of Lewis & Clark's limitation fund. Claimant argues that, when the

limitation fund sufficiently covers all claims, a shipowner's right to limited liability is no longer affected. Like the district court below, Claimant reads the Limitation Act as granting the shipowner a right to limitation only and nothing more. See Memorandum and Order at 9; see also Beiswenger, 86 F.3d 1032, 1037 (stating that, in an adequate fund case, "the vessel owner is not exposed to liability in excess of the limitation fund, and thus the vessel owner's rights under the Limitation Act are not implicated."); Petition of Moran Transp. Corp. v. Mellino's Adm'x., 185 F.2d 386, 388-89 (2d Cir. 1950) ("The statutory purpose is to exempt the investor from loss in excess of the value of the investment in the vessel and freight. Where that value is obviously greater than all claims, no matter how many, the statute does not permit limitation."), cert. denied, 340 U.S. 953 (1951). Claimant further contends that, because the Limitation Act's statutory goal of affording the shipowner limited liability has been achieved in the "adequate fund" instance, the court should not impair Claimant's ability to proceed in state court. See In re Complaint of Port Arthur Towing Co. v. John W. Towing, Inc., 42 F.3d 312, 316 (5th Cir.) (Port Arthur Towing) ("But when a shipowner is not exposed to potential liability in excess of [the value of the vessel and its freight], the shipowner's absolute right to limit its liability is not implicated and 'the saving-to-suitors clause dictates that the admiralty court must allow suits pending against the shipowner in a common law forum, in this case the state court, to proceed.'") (quoting Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992)), cert. denied, 516 U.S. 823 (1995). We disagree.

Before a federal admiralty court can even address the limitation question in a Limitation Act proceeding, the court must first determine whether the shipowner is entitled to complete exoneration based on the shipowner's lack of negligence. See Universal Towing, 595 F.2d at 417 (noting that, after all claims are filed, the district court must determine "if a loss occurred; whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the fund should be distributed"); see also Port Arthur Towing, 42 F.3d at 317 ("A limitation proceeding generally comprises a two-step

process, the first being 'the establishment of liability of the shipowner to the claimant, as to which the claimant (or libellant) bears the burden.'") (citation omitted). In other words, the liability of the shipowner is by no means assumed by the Limitation Act. Instead, the determination of liability itself is part and parcel of the limitation proceeding.[3] This idea of exoneration as more than just a procedural adjunct to limitation is reinforced by the dictates of Supplemental Admiralty & Maritime Claims Rule F, which states that "[t]he complaint may demand exoneration from as well as limitation of liability" and that a claimant must file an answer to the complaint if the claimant "desires to contest either the right to exoneration from or the right to limitation of liability . . . " Supp. AMC Rules F(2), F(5).[4] In this case, Lewis & Clark's Complaint explicitly sought exoneration from or, in the alternative, limitation of liability. Thus, even though Claimant stipulated as to the adequacy of Lewis & Clark's

---

[3]Claimant also cites Fecht v. Makowski, 406 F.2d 721 (5th Cir. 1969) (Fecht), for the proposition that there is no right to exoneration separate from a right to limitation. Specifically, "[w]here no grant of limitation is possible, the basis for granting exoneration vanishes. In such a case, a boat owner should not be treated any more favorably than an automobile driver." Id. at 723. Fecht is the rare case where limitation was not possible because the shipowner was also the boat operator and, therefore, any negligence had to have been within the shipowner's privity and knowledge. See id. at 722-23. Here, the privity and knowledge of Lewis & Clark (as well as the commission of any negligence) has not yet been determined. Accordingly, Fecht is distinguishable.

[4]The Supplemental Rules cannot in any way "abridge, enlarge, or modify any substantive right" conferred on shipowners by the Limitation Act. See 28 U.S.C. § 2072(b) (prohibiting abrogation of substantive rights by federal procedural rules). However, the Rules can enhance our understanding of the substantive rights involved in limitation proceedings, including the right to exoneration and its relationship to the right to limitation.

limitation fund, adjudication of Lewis & Clark's right to exoneration is properly within the exclusive jurisdiction of the federal admiralty court at this time.[5]

"Saving to Suitors" Clause

Claimant contends that, even if Lewis & Clark is entitled to remain in federal court, Claimant has other "saved" remedies which trump the shipowner's rights, such that Claimant should be allowed to proceed in state court under one of the limitation exceptions. Although he admittedly waived his jury trial right in state court, Claimant cites Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 159 F.2d 273 (2d Cir. 1947) (Curtis Bay), for the proposition that a state court jury trial is not a prerequisite to dissolution of an injunction in this type of limitation case. Instead, Claimant maintains that two other "saved" remedies apply in this case: (1) choice of forum and (2) *in personam* judgments. As to the former, Claimant argues that the "saving to suitors" clause grants him the right to have his claim tried in the "forum of his choice." Specifically, in an "adequate fund" case, "every claimant has a legally protected interest in choosing his [or her] forum, even though the method of trial be not changed if he [or she] is moved elsewhere." Curtis Bay, 159 F.2d at 276. Claimant asserts that this concept of forum choice as a "saved" remedy is further supported by language from more recent limitation cases, including this circuit's decision in Universal Towing. See

_____

[5]We do not decide whether, as a condition of dissolving the injunction against the state court proceedings, the district court may insist that a claimant waive the res judicata effect of the state court finding on the liability issue. In other words, we leave open the question of whether a shipowner may still litigate the issue of exoneration in federal court without regard to the liability findings of a state court. Compare In re Complaint of McCarthy Bros. Co. / Clark Bridge, 83 F.3d 821, 828 (7th Cir.) (requiring federal court to accept state court's determination of liability and to decide limitation issues only if judgment exceeds limitation fund), cert. denied, 519 U.S. 950 (1996), with Texaco, Inc. v. Williams, 47 F.3d 765, 769 (5th Cir.) (noting that claimant stipulations can protect both "the shipowner's right to limit liability and [to] litigate the issue of exoneration in federal court"), cert. denied, 516 U.S. 907 (1995).

595 F.2d at 418 (noting that federal courts permit "claimants to pursue their remedies in a forum of their own choosing. . . . [including when] the limitation fund exceeds the total of all claims."); accord Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1063 (11th Cir. 1996) (Suzuki) ("[T]he 'saving to suitors' clause of § 1333(1) embodies a presumption in favor of jury trials and other common law remedies in the forum of the damage claimant's choice"); Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 675 (5th Cir.) ("Although the claimants' interest in litigating in the forum of their choice is substantial, we will accede to that choice only 'if it is accompanied by stipulations fully protecting Odeco's right to limit liability . . . .'") (citation omitted), cert. denied, 519 U.S. 822 (1996).

Claimant's reliance on this "choice of forum" language is misplaced. We interpret the "saving to suitors" clause as granting claimants a choice of remedies, not a choice of fora. Accord Poirrier v. Nicklos Drilling Co., 648 F.2d 1063, 1066 (5th Cir. 1981) (Poirrier) ("The 'saving to suitors' clause does no more than preserve the right of maritime suitors to pursue nonmaritime remedies. It does not guarantee them a nonfederal forum . . . ."); see also 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3674 (3d ed. 1998) ("The 'saving-to-suitors' clause has long been construed to afford litigants a choice of remedies, not of forums.") (quoting Crispin Co. v. Lykes Bros. S.S. Co., Inc., 134 F. Supp. 704, 707 (S.D. Tex. 1955). Moreover, any right to choose between fora appears to arise only after a claimant has asserted a remedy "saved" by the clause itself. Accord In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996) (stating that the goal of the 'saving to suitors' clause "was to give claimants pursuing a common-law remedy the ability to choose their forum") (emphasis added); Suzuki, 86 F.3d at 1063 (discussing forum choice only after noting the "tension between the exclusive admiralty jurisdiction over Limitation Act claims and the presumption favoring jury trials under the saving to suitors clause"); Universal Towing, 595 F.2d at 417 (similarly alluding to forum choice only after stating that "[i]nsofar as limitation proceedings deprive claimants of the right to trial by jury, they conflict with the provisions of 28 U.S.C. § 1333"). Finally, a

claimant's right to forum choice is severely diminished both by a shipowner's right to remove to federal court if an independent basis for jurisdiction exists as well as by a court's ability to transfer the case under the doctrine of *forum non conveniens*.[6] See Poirrier, 648 F.2d at 1066 ("[The 'saving to suitors' clause] does not guarantee [claimants] a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.").

Claimant alternatively argues that he is entitled to an *in personam* state court judgment, purportedly falling within the meaning of the "saving to suitors" clause even though it would result from a non-jury trial. Claimant notes that the Supreme Court has already found the "saving to suitors" clause to include "remedies in equity, as well as those enforceable in a court of law." See Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 124 (1924) (Red Cross Line). Because there was typically no right to jury trial in equitable matters, Claimant argues, non-jury cases such as his state court action must fall within the ambit of the "saving to suitors" clause. Claimant supports his contention by citing to language within Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1487 (5th Cir. 1992) (Linton), cert. denied, 506 U.S. 975 (1992), stating that because "the Supreme Court cases do not require a jury trial as an element of a 'saving to suitors' remedy[,] . . . a maritime non-jury action is not necessarily outside

---

[6]It is undisputed that Claimant's Jones Act claim is subject to transfer via *forum non conveniens*. Interestingly, the Curtis Bay court only used its forum choice language in the context of a *forum non conveniens* evaluation. Counter to Claimant's contention, the Second Circuit did not find that the saving clause protected a claimant's choice of a nonfederal forum. Instead, the court reasoned that, if a shipowner has no independent basis for its presence in federal court (as opposed to Lewis & Clark's basis, namely the right to exoneration), a shipowner's need for a convenient forum will not trump a claimant's choice. See Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 159 F.2d 273, 276 (2d Cir. 1947). For these reasons, we find Curtis Bay inapposite.

the scope of the 'saving to suitors' clause and within the exclusive admiralty jurisdiction of the federal courts."

We are not convinced that non-jury *in personam* judgments constitute a "saved" remedy within the "saving to suitors" clause. First, although certain equitable remedies may be within the scope of the "saving to suitors" clause based on Red Cross Line, this does not mean that all non-jury cases are necessarily within its ambit. If all *in personam* judgments were deemed "saved" by this Court, claimants could easily avoid the exclusive jurisdiction of the federal admiralty court over such limitation matters and thus effectively subvert Congressional intent. Second, there is no substantive difference between the remedies afforded Claimant in the state forum and those afforded in the federal court. Finally, besides Linton, Claimant can cite no other non-jury state action which has been allowed to proceed while the federal admiralty limitation case was stayed. Linton is distinguishable from the present case because it neither involved a limitation action nor an independent jurisdictional basis on which the federal court could hear the matter (unlike Lewis & Clark's right to exoneration in this case). Moreover, the plaintiff in Linton elected to proceed with a non-jury matter pursuant to a Louisiana statute. That statutory election fell within Red Cross Line's special category of "judicial remedies conferred by statute," which are "saved" remedies under the "saving to suitors" clause. See Red Cross Line, 264 U.S. at 124.

**Conclusion**

In sum, we hold that there is no conflict between the Limitation Act and the "saving to suitors" clause and thus no grounds for dissolution of the injunction imposed upon the state court action. Accordingly, we find that the district court abused its discretion when it ignored this lack of an actual statutory conflict and prematurely applied the "adequate fund" exception instead. Thus, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

-14-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.