# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1415

_____

| | | |
|---|---|---|
| Riverway Harbor Service, St. Louis, Inc.,  In the matter of the complaint of; as owners and/or operators of; in a cause of action for exoneration from or limitation of liability - Bucyrus Erie 30-B Super Crane Barge - M/V Arkie II, | * * * * * * * | |
| | * | |
| Petitioner-Appellee, | * | |
| | * | |
| Fredrick Webber, | * | |
| | * | |
| Claimant-Appellant, | * | |
| | * | |
| Cargo Carriers, a Division of Cargill Marine & Terminal, Inc., | * * | Appeal from the United States |
| | * | District Court for the |
| Claimant, | * | Eastern District of Missouri |
| | * | |
| Riverway Harbor Service, St. Louis, Inc., - M/V Arkie II - Bucyrus Erie 30-B Super Crane, | * * * | |
| | * | |
| Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Bridge & Crane Inspection, Inc., | * | |
| | * | |
| Third Party Defendant-Appellee. | * | |

_____

Submitted:  November 16, 2000

Filed:   August 20, 2001
_____

Before WOLLMAN, Chief Judge, and McMILLIAN and R.S. ARNOLD,
    Circuit Judges.

_____

McMILLIAN, Circuit Judge.

       Fredrick Webber appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri following the denial of his motion to dissolve a permanent injunction issued by the district court prohibiting state court proceedings in an admiralty tort action against Riverway Harbor Service, Inc. ("Riverway"). Riverway Harbor Service, Inc. v. Webber, No. 4:99CV0860 (E.D. Mo. Dec. 29, 1999) (memorandum and order).  The district court granted Riverway's application for exclusive admiralty jurisdiction in federal court pursuant to the "Limitation of Vessel Owners Liability Act," 46 U.S.C. §§ 181-196 ("the Limitation Act") and Supplemental Admiralty & Maritime Claims Rule F(2).  Webber moved to dissolve the injunction on the grounds that the federal jurisdiction granted by 28 U.S.C. § 1333(1) is limited by the "saving to suitors" clause, which entitles him to take advantage of state court remedies.  The district court refused to dissolve the injunction unless Webber made specific stipulations to accommodate the Limitation Act restrictions in accordance with Eighth Circuit precedent outlined in Lewis & Clark Marine, Inc. v. Lewis, 196 F.3d

_____

      [1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

900 (8th Cir. 1999) (<u>Lewis & Clark</u>), *rev'd,* 121 S. Ct. 993 (2001).[2]  For reversal, Webber argues that the district court abused its discretion in refusing to dissolve the injunction because it: (1) failed to recognize his right to a jury trial under the "saving to suitors" clause of 28 U.S.C. § 1333(1), and (2) conditioned his right to a jury trial upon his agreement that he litigate in federal court.  For the reasons discussed below, we reverse the order of the district court and remand this matter to the district court with directions to dissolve the injunction and for further proceedings consistent with this opinion.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. § 1333(1). <u>See</u> 46 U.S.C. §§ 181-196.  Jurisdiction on appeal is proper based upon 28 U.S.C. § 1292(a)(1).  The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

On May 19, 1999, Webber was involved in an accident at Riverway in which a crane malfunctioned and struck Webber, knocking him into the water.  On May 28, 1999, Riverway filed a complaint invoking admiralty jurisdiction in federal court pursuant to the Limitation Act[3] seeking exoneration or limitation of liability for the accident.  The district court enjoined Webber and any other claimant from proceeding

---

[2]At the time of the district court's order, <u>Lewis & Clark</u> had not yet been decided by the Supreme Court.

[3]The Limitation Act, 46 U.S.C. § 183(a), provides in part: "The liability of the owner of any vessel . . . for any loss or damage . . . shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

against Riverway outside of the limitation action, and requiring all potential claimants to pursue their claims in federal court.

That same day, Webber filed a complaint in state court, seeking damages for personal injury under the Jones Act, 46 U.S.C. § 688(a), and demanding a jury trial. As required by the injunction, Webber filed a claim in district court against Riverway in the limitation proceeding. Webber alleged that his damages exceeded the value of the crane barge stipulated by Riverway in its limitation action. One other claimant, Cargo Carriers, also submitted a claim for damages in the amount of $15,000.

On August 30, 1999, Webber moved to dissolve the federal court injunction, stipulating that: (1) he would reserve to the district court all issues relating to Riverway's right to limitation of liability; (2) he would waive "[a]ny claim respecting any *res judicata* effect on limitation of liability issues as might arise in the event of entry of judgment in the state court case"; (3) he would not seek to enforce any judgment obtained in state court in excess of the limitation fund until Riverway's liability was adjudicated in federal court; and (4) Cargo Carriers' claim would have priority over his.

On September 24, 1999, Riverway joined Bridge & Crane Inspection, Inc., the inspector of Riverway's crane, as a third party defendant pursuant to Fed. R. Civ. P. 9(h) and 14(c).[4]

On September 28, 1999, the district court denied Webber's motion to dissolve the injunction and held that the stipulations were inadequate because (1) they failed to concede the sufficiency of the amount that Riverway stipulated as the value of its

---

[4]The arguments of Bridge & Crane Inspection, Inc. correspond to Riverway's arguments, so no separate notation is made of them.

vessels, and (2) they failed to state explicitly that Webber would not seek to enforce a judgment in excess of the limitation fund.

Webber filed an amended motion to dissolve the injunction, including a supplemental stipulation in conformity with the district court's order, which conceded that (1) the limitation fund properly reflected the value of the vessels involved; (2) the limitation fund equaled the value of the vessels; and (3) Webber would not attempt to enforce or collect any judgment in excess of the limitation fund unless the district court first determined that Riverway did not have the right to limit its liability.

On December 29, 1999, the district court again refused to dissolve the injunction, indicating that the injunction would not be dissolved unless Webber (1) stipulated that he waived all rights to rely upon the doctrine of *res judicata* to Riverway's detriment, and (2) affirmatively acknowledged that any state court judgment would be valid only if a subsequent federal Limitation Act proceeding did not exonerate Riverway. The district court further ruled that unless Webber so stipulated within ten days of the court's order, the court would proceed to schedule a Rule 16 conference and set a date for a jury trial to review all issues in federal district court. Webber refused to agree to the district court's required stipulations and instead filed this appeal on January 10, 2000.

After hearing oral arguments on these issues, we held the present appeal in abeyance pending the Supreme Court's ruling in Lewis v. Lewis & Clark Marine, Inc., 121 S. Ct. 993 (2001) (Lewis), a case which involved similar legal issues.

**Discussion**

Standard of Review

We review a refusal to dissolve an injunction based on admiralty jurisdiction for an abuse of discretion. See in re Helena Marine Service, Inc., 564 F.2d 15 (8th Cir. 1977) ("a refusal to dissolve the stay is usually an abuse of discretion in a clear single-claimant case"). "'Abuse of discretion occurs if the district court reaches its conclusions by applying erroneous legal principles or relying on clearly erroneous factual findings.'" Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999) (quoting Fogie v. Thorn Americas, Inc., 95 F.3d 645, 649 (8th Cir. 1996)).

Saving to Suitors Clause

Webber argues that the district court abused its discretion in denying his motion to dissolve the injunction because, under the saving to suitors clause of 28 U.S.C. § 1333(1),[5] he was otherwise entitled to the remedy of a state court jury trial, pursuant to the Jones Act, 46 U.S.C. App. § 688(a) (providing a seaman a remedy of a jury trial as a matter of right in an admiralty tort action).[6] Webber contends that, once

_____

[5]28 U.S.C. § 1333(1) provides that: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

[6]The Jones Act provides in part that:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. . . . Jurisdiction in

Riverway's federal Limitation Act interest was protected by Webber's stipulations, the district court was required to abstain from exercising jurisdiction.  See Brief for Appellant at 13 (citing Langnes v. Green, 282 U.S. 531, 541-42 (1931) (Langnes) (establishing doctrine of abstention, which enables state court actions to proceed while retaining federal jurisdiction over questions regarding the shipowner's right to limit liability)).  In response, Riverway relied on this court's decision in Lewis & Clark, 196 F.3d 900, to argue that, because the issue of exoneration from liability, in addition to limitation of liability, must be resolved in federal court, Webber needed to make additional stipulations before he could pursue any state court remedies.

The district court properly exercised its admiralty jurisdiction pursuant to Fed. R. Civ. P. Supplemental Admiralty & Maritime Claims Rule F(3),[7] to issue the injunction against any further proceedings which might affect Riverway's liability. While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act, see Ex Parte Green, 286 U.S. 437, 439-40 (1932), the same statute also "sav[es] to suitors in all cases all other remedies to which they are entitled."  28 U.S.C. § 1333(1).  There is a clear tension between these two jurisdictional possibilities: shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek "other remedies" such as jury trials in state court.  See  Langnes, 282 U.S. at 539-40; Lewis & Clark, 196 F.3d at 905; Valley Line Co. v. Ryan, 771 F.2d 366, 372 (8th Cir.

---

such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C. § 688(a).

[7] Fed. R. Civ. P. Supplemental Admiralty & Maritime Claims Rule F(3) enables a district court to "enjoin the further prosecution of any action or proceeding against the [shipowner] or the [shipowner's] property with respect to any claim subject to limitation in this action."

1985) (Valley Line); Jefferson Barracks Marine Svc., Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir. 1985) (Jefferson Barracks).

Normally, the federal court will resolve this conflict by recognizing an exception in which a claimant acknowledges, through certain stipulations, the shipowner's right to limit the amount of its liability in federal court while preserving the claimant's right to have a jury determine in state court whether the shipowner is liable. See Valley Line, 771 F.2d at 372-73 ("in order to preserve the shipowner's right to limit its liability, and thus preserve the purpose of the [Limitation] Act, a claimant must file certain protective stipulations with the district court before the injunction will be dissolved"); Universal Towing v. Barrale, 595 F.2d 414, 418 (8th Cir. 1979) (Universal Towing) ("a claimant may pursue his common-law remedies in state court provided he files a stipulation in district court which concedes all questions of limitation of liability are reserved for the admiralty court"). In the present case, Webber utilized the single-claimant exception, which allows a district court to dissolve an injunction as long as there is only one claimant who agrees to limit the shipowner's liability. See Universal Towing, 595 F.2d at 418. Although there was another claimant, Cargo Carriers, who could assert a claim against Riverway, Webber is nonetheless entitled to the single-claimant exception because he stipulated that Cargo Carriers' relatively small claim of $15,000 would take priority over his claim. See id. at 420 (allowing more than one claimant in a single-claimant exception case if "[t]here is no danger that [the shipowner] will be subjected to competing judgments in excess of its statutory limitation").

As stated above, Webber stipulated that: (1) he reserved to the district court all issues relating to Riverway's right to limit its liability; (2) he waived "[a]ny claim respecting any *res judicata* effect on limitation of liability issues as might arise in the event of entry of judgment in the state court case;" (3) he would not seek to enforce any judgment obtained in state court in excess of the limitation fund until Riverway's liability was adjudicated in federal court; (4) Cargo Carriers' claim would have priority over his; (5) the limitation fund properly reflected the value of the vessels involved; (6)

the limitation fund equaled the value of the vessels; and (7) he would not attempt to enforce or collect any judgment in excess of the limitation fund unless the district court first determined that Riverway did not have the right to limit its liability.  In compliance with this court's decision in Lewis & Clark, 196 F.3d at 907-08, the district court held that the stipulations did not adequately protect Riverway's right to federal adjudication of exoneration from liability in addition to limitation of liability and refused to dissolve its injunction.

It is clear that the district court tailored its stipulation requirements to the legal standard set forth in this court's Lewis & Clark decision.  See slip op. at 11-12; Lewis & Clark, 196 F.3d at 907-08.  However, the Supreme Court reversed the Eighth Circuit's decision in Lewis & Clark, ruling instead that federal courts do not have exclusive admiralty jurisdiction over claims involving exoneration from liability in "circumstances where limitation of liability is not at issue."  Lewis, 121 S. Ct. at 1003; see also Lake Tankers Corp. v. Henn, 354 U.S. 147, 152-53 (1957) (holding that "[t]he Act is not one of immunity from liability but of limitation of it," which does not include any other privileges, such as exoneration).  The Supreme Court, recognizing the inherent conflict between the saving to suitors clause and the Limitation Act, balanced the two competing interests by separating the liability issue from the exoneration issue. As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the saving to suitors clause.  See Lewis, 121 S. Ct. at 1005 ("this court's case law makes clear that state courts, with all of their remedies, may adjudicate claims. . . against vessel owners so long as the vessel owner's right to seek limitation of liability is protected").

In the present case, Webber's stipulations fulfilled the single-claimant exception permitting limitation of liability and thereby satisfied the Limitation Act requirements. Because Riverway's right to limit liability is thereby effectively protected in federal court, and  the Supreme Court's decision in Lewis does not require Webber to reserve

to federal court the issue of Riverway's exoneration from liability, the district court must dissolve the injunction against state court proceedings. See Valley Line Co. v. Ryan, 771 F.2d at 373 ("it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum"); Universal Towing, 595 F.2d at 420 (proclaiming that, in the absence of a limitation of liability conflict, "a limitation proceeding will serve no other purpose than to deprive [a claimant] of her right to pursue her common law remedies").

We therefore reverse the district court's order because it does not comport with the subsequent decision by the Supreme Court in Lewis, 121 S. Ct. 993.

## Right to a Jury Trial

Because we reverse the district court's ruling prohibiting a jury trial in state court, Webber may obtain a jury trial in the forum of his choice.

## Conclusion

Accordingly, the decision of the district court is reversed and this case is remanded to the district court with directions to dissolve the injunction and for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-