Douglas RUTHERFORD, Plaintiff,

v.

**BREATHWITE MARINE CONTRACTORS, LTD.,**
**Defendant.**

Civil Action No. 3: 13–0312.

United States District Court, S.D. Texas, Galveston Division.

Signed Nov. 12, 2014.

Joseph Denney Terry, Terry Thweatt PC, Houston, TX, for Plaintiff.

Thomas R. Nork, Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P., Houston, TX, for Defendant.

### ORDER

VANESSA D. GILMORE, District Judge.

Pending before the Court is Defendant's Motion to Strike Jury Demand. **(Instrument No. 13).**

### I.

Defendant is the owner and operator of the deck barge DB3003 ("the barge"). (Instrument No. 1–3 at 1–2). Plaintiff alleges that on or about February 10, 2013, while employed by Kelso Concrete Co., he sustained injuries while working on the barge. *Id.* at 2. Specifically, Plaintiff alleges that deckhands had improperly tied mooring lines on the barge. *Id.* The Plaintiff claims that he ran to retie the mooring lines to keep what he described as an unseaworthy barge from drifting away and possibly colliding with other vessels. *Id.* Plaintiff alleges that, while running, he stepped on a manhole cover and fell through, causing serious and permanent injuries to his arms, wrists, legs, hips, back, and body in general. *Id.*

On July 31, 2013, Plaintiff filed suit against Defendant in the County Court at Law Number 2, Galveston County, Texas, stating negligence and gross negligence causes of action. (Instrument No. 1–3). Plaintiff requested a jury trial at that time. *Id.* at 5. On August 29, 2013, Defendant removed this case to the United States District Court for the Southern District of Texas, Galveston Division, solely under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1). (Instrument No. 1). On August 29, 2014, Defendant filed a Motion to Strike Jury Demand, arguing that there is no right to a trial by jury in admiralty cases. (Instrument No. 13). On September 26, 2014, Plaintiff filed a response to Defendant's motion. (Instrument No. 16). On October 10, 2014, Defendant filed a reply. (Instrument No. 18).

### II.

Plaintiff argues that, at the time of removal, it did not file a motion to remand precisely because Defendant failed at that time to object to Plaintiff's jury demand. Plaintiff now raises numerous issues that call into question whether removal was proper in this case.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir.2001). Though a court may not sua sponte remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it

lacks subject matter jurisdiction. *Coleman v. Alcolac, Inc.,* 888 F.Supp. 1388, 1394 (S.D.Tex.1995). When inquiring into subject matter jurisdiction, courts may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Clark v. Tarrant Cnty., Texas,* 798 F.2d 736, 741 (5th Cir.1986) (describing the standard of review for a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)).

"The State and Federal Governments jointly exert regulatory powers today as they have played joint roles in the development of maritime law throughout our history." *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 374, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Article III of the Constitution provides that federal "judicial power shall extend ... to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2. Furthermore, district courts have "original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.S. § 1333(1). The Supreme Court has clarified that the "saving to suitors" clause excepts certain claims brought in state court from this exclusive grant of jurisdiction to federal courts. *Madruga v. Superior Court,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954). Traditionally, federal courts have had exclusive jurisdiction only over those actions proceeding in rem, or where the vessel itself is the defendant, whereas state courts remain competent to hear maritime cases proceeding in personam, where the defendant is a person. *Id.* "Parties in maritime cases are not compelled to proceed in the admiralty at all, as they may resort to their common-law remedy in the State courts, or in [federal court], if the party seeking redress and the other party are citizens of different States." *Romero,* 358 U.S. at 370, 79 S.Ct. 468 (1959) (quoting *Norton v. Switzer,* 93 U.S. 355, 356, 23 L.Ed. 903 (1876)).

Historically, except where diversity existed, admiralty cases brought in state court were not removable to federal court. *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 255 (5th Cir.1961). The Supreme Court noted in *Romero* that the "saving to suitors" clause affords the plaintiff the opportunity to seek remedies in the forum of his or her choice. 358 U.S. at 377–78, 79 S.Ct. 468. Accordingly, the Fifth Circuit has noted that admiralty claims "are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims." *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 219 (5th Cir.2013) (citing *Romero,* 358 U.S. at 377–79, 79 S.Ct. 468), *see also Servis v. Hiller Sys. Inc.,* 54 F.3d 203, 206 (4th Cir.1995) ("Section 1333's 'saving to suitors' clause preserves a maritime suitor's election to pursue common-law remedies in state court.").

In *In re Dutile,* the Fifth Circuit found additional support for the non-removability of admiralty actions within the removal statute itself. 935 F.2d 61 (5th Cir.1991). Until 2011, the removal statute read:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought

28 U.S.C.A. § 1441 (West 2006). The Supreme Court has long held that admiralty cases are not brought under the Constitution, treaties or laws of the United States. *Romero*, 358 U.S. at 380, 79 S.Ct. 468. Therefore, the Fifth Circuit reasoned in *In re Dutile*, pursuant to § 1441(b), that admiralty cases constitute "any other such action," removable only based upon diversity. 935 F.2d at 62–63. Furthermore, the court found that § 1441(b) was an express Act of Congress, limiting the applicability of § 1441(a) to admiralty cases. *Id.* Therefore, the Fifth Circuit law concluded that cases could not be removed to federal court based on admiralty unless diversity served as an additional source of jurisdiction. *Id.*

In 2011, the removal statute was amended to read:

(a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.

(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title,

the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen in which such action is brought.

28 U.S.C. § 1441.

In *Ryan v. Hercules Offshore, Inc.*, the court considered the effect that the 2011 amendment had on the removability of admiralty claims. 945 F.Supp.2d 772 (S.D.Tex.2013). The court reasoned that the amendment removed the justification for nonremovability identified in *In re Dutile. Id.* Specifically, the court noted that the amendment removed language in § 1441(b) limiting removal without regard to diversity to claims brought under the Constitution, treaties or laws of the United States. *Id.* at 776–77. Therefore, the court found that admiralty claims could be removed to federal court pursuant to 28 U.S.C. § 1441(a). *Id.* at 778. Numerous courts in this district have reached the same conclusion as the court in *Ryan. See e.g. Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, CIV.A. H–14–1147, 2014 WL 2739309 (S.D.Tex. June 17, 2014); *Carrigan v. M/V AMC AMBASSADOR*, CIV.A. H–13–03208, 2014 WL 358353 (S.D.Tex. Jan. 31, 2014); *Wells v. Abe's Boat Rentals Inc.*, CIV.A. H–13–1112, 2013 WL 3110322 (S.D.Tex. June 18, 2013). However, many courts, including some in this district, have called into question the reasoning of *Ryan. See Figueroa v. Marine Inspection Services*, 28 F.Supp.3d 677 (S.D.Tex.2014); *Alexander v. Seago Consulting, LLC*, 4:14–CV–1292, 2014 WL 2960419 (S.D.Tex. June 23, 2014); *Butler v. RLB Contracting, Inc.*, 3:14–CV–112, 2014 WL 1653078 (S.D.Tex. Apr. 24, 2014); *Perio v. Titan Mar., LLC*, CIV.A. H–13–1754, 2013 WL

5563711 (S.D.Tex. Oct. 8, 2013), *see also Gregoire v. Enter. Marine Services, LLC,* 38 F.Supp.3d 749, CIV.A. 14–840, 2014 WL 3866589 (E.D.La. Aug. 6, 2014); *Cassidy v. Murray,* 34 F.Supp.3d 579, CIV.A. GLR–14–1204, 2014 WL 3723877 (D.Md. July 24, 2014). Like these courts, this Court finds numerous problems with the conclusion of the court in *Ryan.*

■ The court in *Ryan* focused on the justification for nonremovability offered in *In re Dutile,* while ignoring precedent suggesting that the "saving to suitors" clause itself renders such actions non-removable. *See Romero,* 358 U.S. at 371–72, 79 S.Ct. 468 ("the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 of Title 28."). It is true that ample precedent provides that the "saving to suitors" clause preserves the right to certain remedies, including the right to a jury trial, rather than the right to proceed in state court. *Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir.1981) ("The 'saving to suitors' clause does no more than preserve the right of maritime suitors to pursue nonmaritime remedies. It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty."). However, the "saving to suitors" clause still presents an obstacle to removal, where no other basis of jurisdiction exists. At least one court in this district has suggested that the "saving to suitors" clause could operate as an express provision by an Act of Congress that would preclude removal under the removal statute. *See Perio,* 2013 WL 5563711 at *14.

Furthermore, 28 U.S.C. § 1333 does not confer original jurisdiction to this Court for claims such as this brought in state court. 28 U.S.C. § 1333 excludes from the federal court's original jurisdiction "all other remedies to which they are otherwise entitled." Thus, federal courts only have original jurisdiction over admiralty cases brought in federal court. *See Figueroa,* 28 F.Supp.3d at 681–82, 2014 WL 2958597 at *4. The Court finds that these decisions are most consistent with Fifth Circuit precedent that remains unchanged by the 2011 amendment to the removal statute. *See Barker,* 713 F.3d at 219 ("such lawsuits are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims.").

Furthermore, the pending motion to strike Plaintiff's jury demand presents precisely the type of problem posed by removing such admiralty claims from state court. The Fifth Circuit has held that the tradition of bench trials on admiralty issues in federal court cannot trump a plaintiff's constitutional right to a jury trial for non-admiralty claims. *Luera v. M/V Alberta,* 635 F.3d 181, 196 (5th Cir.2011). The right to a jury trial is one of the clear non-maritime remedies preserved for plaintiffs by the "saving to suitors" clause. *Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir.1981). Numerous courts have identified the challenge in determining whether removal admiralty cases would be entitled to a jury trial as additional support for the conclusion that such cases should remain in state court. *See e.g. Figueroa,* 28 F.Supp.3d at 680–81, 2014 WL 2958597 at *3. The Court agrees with this conclusion.

For the reasons stated above, and because the Court lacks diversity jurisdiction,[1] the Court finds that it lacks subject

---

1. In its notice of removal, Defendant cites

admiralty as the Court's sole source of subject

matter jurisdiction of this case, and the matter is remanded to state court.[2]

### III.

Based on the foregoing, IT IS HEREBY ORDERED THAT this case is **REMANDED** to the County Court at Law Number 2, Galveston County, Texas.

The Clerk shall enter this Order and provide a copy to all parties.

matter jurisdiction. (Instrument No. 1). The parties are not diverse as Plaintiff is a Texas resident and Defendant is a Texas company. (Instrument No. 1–3 at 1).

2. Because this Court lacks subject matter jurisdiction, it cannot reach the questions of whether Plaintiff's action is cognizable only under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), or whether Plaintiff is entitled to a jury trial.