United States Court of Appeals,

Fifth Circuit.

No. 94-30191.

TEXACO, INC., as owner, praying for exoneration from and/or limitation of liability, et al., etc., Petitioners-Appellees,

v.

Paul WILLIAMS and Harrison Ellender, Claimants-Appellants.

March 21, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Background

On August 24, 1993, a fire and an explosion occurred on the T/B BUSTER LEE, a barge owned by Texaco, Inc. (Texaco) and bare boat chartered by Texaco Exploration and Production, Inc. (TEPI). Appellants Ellender and Williams, employees of TEPI, were severely burned in the accident. Appellant Ellender filed a Jones Act claim in Louisiana state court. On October 18, 1993, Texaco and TEPI filed a complaint in federal court seeking exoneration from or limitation of liability. The district court issued an order staying Ellender's state court action and restraining Williams from filing a similar state claim. Appellants filed answers in the limitation proceeding, seeking damages in excess of $8 million. These claims exceeded the value of the vessel, valued by Texaco at $125,000. Claimants then filed a motion to lift the stay, seeking

1

to pursue their rights under the savings to suitors' clause.[1]  The district court denied their motion and this appeal ensued.

## Discussion

The issue before this Court involves "a recurring and inherent conflict" between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act[2] and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333.[3]  The Limitation Act provides that the liability of a shipowner shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner.  Federal courts have exclusive jurisdiction over suits invoking the Act, "saving to suitors ... all other remedies to which they are otherwise entitled."[4]

When a shipowner invokes the Act the federal court may stay all other proceedings against the shipowner arising out of the same accident and require all claimants to timely assert their claims in the limitation court.  The purpose of the limitation is to preserve the right of the shipowner to limit its liability in a federal forum to the value of the vessel and her pending freight.[5]  The

_____

[1] 28 U.S.C. § 1333.

[2] 46 U.S.C.App. § 183.

[3] *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 754 (2d Cir.1988).

[4] 28 U.S.C. § 1333.

[5] *Magnolia Marine Transp. v. LaPlace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir.1992) (citing *Langnes v. Green,* 282 U.S. 531, 543, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931)).

problem is that "one statute [gives the complainant] the right to a common-law remedy, which he [may seek] in the state court; and another statute [gives the shipowner] the right to seek a limitation of liability in the federal district court."[6] The courts have attempted to resolve this conflict by creating exceptions to the exclusive jurisdiction of the federal courts. Initially, two exceptions were recognized: (1) the single-claim-inadequate-fund situation, and (2) the multiple-claim-adequate-fund situation. In *Ex parte Green,*[7] the Supreme Court held that a single claimant seeking damages in excess of the limitation fund may proceed outside of the limitation action if the claimant agreed not to raise issues to be decided in the limitation court. In *Lake Tankers Corp. v. Henn,*[8] the Supreme Court faced the issue of multiple claims that exceeded the limitation fund. The Court held that the claimants could proceed outside of the limitation proceedings if they relinquished their rights to damages in excess of the amount of the limitation fund.[9] The Court reasoned that in this situation, the "state proceeding could have no possible effect on the petitioner's claim for limited liability"; both the shipowner's right to limit liability in a federal forum and the claimants' rights to pursue their state law

---

[6]*Langnes,* 282 U.S. at 539-40, 51 S.Ct. at 246.

[7]286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932).

[8]354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957).

[9]The respondent filed stipulations agreeing to neither increase the claims, nor to enter into a judgment in excess of these amounts, and waived any claims of res judicata.

3

remedies under the savings to suitors clause were protected. Under this backdrop, the Fifth Circuit has held that, with proper stipulations, claimants may proceed outside the limitation action.

In *Magnolia Marine Transport v. LaPlace Towing Corp.* multiple claimants sought to recover damages in excess of the limitation fund pursuant to their saving to suitors rights, that is, outside of the limitation action. This Court reasoned that a singular claimant may pursue a state court claim after filing several stipulations. First, the claimant must stipulate that the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability. Second, the claimant must stipulate that no judgment will be asserted against the shipowner to the extent it exceeds the value of the limitation fund. "But even in multiple-claimant cases, admiralty courts still should allow state court claims to proceed under proper stipulations."[10] Multiple claimants may reduce their claims to the equivalent of a single claim by stipulating to the priority in which their claims will be paid from the limitation fund. Similarly, in *In re Two "R" Drilling Co.*[11] this Court held that a shipowner's rights are protected when multiple claimants file proper stipulations. A deckhand drowned while working for Two "R" Drilling Co., and the widow brought claims on behalf of her children, the deceased, and herself. The plaintiff filed

---

[10]*Magnolia,* 964 F.2d at 1576 (citing *In re Dammers,* 836 F.2d at 754).

[11]943 F.2d 576 (5th Cir.1991).

4

stipulations conceding the right of the shipowner to litigate all issues relating to limitation of liability in a federal forum and agreed not to enforce a judgment in excess of the limitation fund. This Court approved of the procedure and affirmed the district court's ruling to lift the stay, stating, "[w]here the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding."[12]

Recently, in *Odeco Oil and Gas Co. v. Bonnette*[13] this Court faced the very issue presently before this Court. Odeco was performing safety drills on a fixed platform in the Gulf of Mexico, when five members of the crew boarded an escape capsule suspended 90 feet above the water. Someone in the capsule pulled the wrong lever, releasing the capsule from the platform; the capsule plunged into the Gulf seriously injuring all of its passengers. Odeco filed an action for a declaratory judgment and, in the alternative, to limit its liability in federal court. The district court issued an order staying any further litigation against Odeco arising from this incident. The claimants filed personal injury suits in state court and filed answers in the district court, requesting that the stay be lifted. The district court lifted the stay, allowing the claimants to pursue their claims in state court.

The *Odeco* court stated, "claims may proceed outside the

---

[12]*Id.* at 578 (citations omitted).

[13]4 F.3d 401 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

5

limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."[14] This Court reasoned that if the claimants seek to take advantage of their savings to suitors remedies in state court, we must accede to this choice if the shipowner's rights to limit are protected by stipulations.

Appellee contends that we should not lift the stay for two reasons. First, by following *Odeco* and lifting the stay we are creating a third exception to the exclusive jurisdiction of our admiralty courts. The Supreme Court has authorized only two exceptions: the single-claimant-inadequate-fund and multiple-claimant-adequate-fund exceptions. If a claimant proves that it meets one of these exceptions, *then* it must enter into stipulations to protect the shipowner's rights. Entering into stipulations does not in and of itself create an exception.

Though we find this reasoning persuasive it is not in accord with Fifth Circuit law. The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the

---

[14]*Odeco,* 4 F.3d at 404.

claimants may proceed outside of the limitation action.[15] While we may have reservations concerning the breadth of this exception[16] and the correctness of condoning a multiplicity of law suits,[17] some of which will be duplicitous, we are bound to follow Fifth Circuit law.[18]

Second, Appellee argues that *Odeco* is "entirely different and distinguishable" from the facts presently before this Court. Texaco sought exoneration from or limitation of liability.[19]

_____

[15]*Complaint of Port Arthur Towing M/V MISS CAROLYN,* 42 F.3d 312, 316 (5th Cir.1995); *Odeco,* 4 F.3d at 404.

[16]But *Odeco* indicates that this should not be the focus of our concern. "If the purpose of the Limitation Act were to accomplish judicial efficiency as well as limitation of liability, this case would clearly call for [a] concursus proceeding. But the Supreme Court explained in *Lake Tankers,* 354 U.S. at 152-53, 77 S.Ct. 1272-73, that liability may and should be limited *consistent with preserving the claimants' right to proceed in the fora of their choice." Odeco,* 4 F.3d at 404-05 (emphasis added).

[17]*But see Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546, 550-51 (5th Cir.1960) (citing *Petition of Texas Co.,* 213 F.2d 479, 482 (2d Cir.) (stating that the "purpose of limitation proceedings is not to prevent a multiplicity of suits but, in an equitable fashion, to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full"), *cert. denied,* 348 U.S. 829, 75 S.Ct. 52, 99 L.Ed. 653 (1954)); *Petition of Moran Transp. Corp.,* 185 F.2d 386, 389 (2d Cir.1950) (stating the same), *cert. denied,* 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951).

[18]*See Port Arthur Towing Co.,* 42 F.3d at 316 (stating that when the shipowner is not exposed to liability beyond the limitation fund the savings to suitors clause controls); *Odeco,* 4 F.3d at 404-05 (quoted *supra* ); *Magnolia Marine Transport,* 964 F.2d at 1576 (stating that under proper stipulations, multiple claimants should still be allowed to proceed with their state court claims).

[19]Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that "[t]he complaint may demand exoneration from as well as limitation of liability." Therefore,

Echoing the district court, Appellee contends that the case before us is a "serious exoneration" suit and *Odeco* did not discuss exoneration. Accordingly, *Odeco* should be restricted to suits seeking limitation of liability only.

We find this argument unpersuasive for two reasons. First, shipowners routinely seek exoneration and limitation of liability in the alternative. In fact, Odeco filed a declaratory judgment action requesting the court to determine that the capsule was not a vessel, that the injuries were not caused by the vessel's negligence, and that any action for damages was barred by § 905(a) of the Longshore and Harbor Worker's Compensation Act. Though the *Odeco* court did not label this action as one of exoneration, we must recognize it for what it is. If any court had entered a declaratory judgment on one of these issues, Odeco would have been exonerated. For this reason, we find that "exoneration" was before this Court in *Odeco.* Second, Appellants have agreed to stipulate that the limitation court is not bound by any decisions by other courts on issues relating to limitation of liability *and* exoneration. Therefore, the shipowner's right to limit liability and litigate the issue of exoneration in federal court is protected by stipulation. For these two reasons, we are compelled to follow *Odeco.*

---

Texaco may assert its exoneration claim along with its limitation claim. *Accord Providence and New York Steamship Co. v. Hill Mfg. Co.,* 109 U.S. 578, 595, 3 S.Ct. 379, 390, 27 L.Ed. 1038 (1883) (stating that the questions to be settled in the proceedings are "first, whether the ship or its owners are liable at all ... and, secondly, if liable, whether the owners are entitled to a limitation of liability").

During oral argument Appellants agreed to enter into stipulations that would protect any rights Appellee alleged in the federal court pleadings, including the right to receive exoneration, and agreed to consolidate their suits and litigate them in one state trial. We direct the district court to evaluate these new stipulations, and to consider the following issues and suggestions in determining the adequacy of the stipulations. First, if a direct action claim has been or may be asserted against the underwriters of Texaco and TEPI in state court, then the stipulations *may* include a waiver by Williams and Ellender similarly protecting these insurance carriers from collection of any state court judgment unless and until the federal court's limitation of liability proceeding determines that Texaco and TEPI were not entitled to either exoneration from or limitation of liability.[20] Second, the district court should determine if any potential derivative actions exist; if so, then the stipulations should cover these as well. Third, the district court should determine if the casualty gave rise to any environmental claims that were timely filed; if so, the stipulations should require

---

[20]We note that "the Act itself affords ... underwriters no right of limitation." *Magnolia,* 964 F.2d at 1576. This opinion should not be construed to create a right for underwriters to limit their liability or to take shelter under stipulations protecting the shipowner. Any right to limit an underwriter's liability is purely contractual in nature. "[T]he underwriters are not *entitled* to a stipulation in their favor." *Id.* (emphasis added). We are not requiring the claimants to enter into stipulations protecting the underwriters; however, because the claimants were so willing to enter into *any* stipulation, so as "to take advantage of the perceived magnanimity of ... [state] juries," we are suggesting this stipulation. *Odeco,* 4 F.3d at 405.

joinder of the claimants.  If the stipulations cover *all* potential claimants and adequately protect Texaco's right to receive exoneration or to limit liability, then the stay should be lifted, allowing Appellants to pursue their saving to suitors remedies.

We reverse the district court's refusal to lift the stay, and remand this action to the district court to evaluate the adequacy of Appellants' new stipulations consistent with this opinion.

REVERSED and REMANDED.