**In re:  M/V MISS ROBBIE and Miss Robbie Inc. as Her Owner, Praying for Exoneration from and/or Limitation of Liability.**

**Civil Action No. 97–613.**

United States District Court,
E.D. Louisiana.

April 21, 1997.

Anthony John Staines, Valerie A. Young, Staines, Eppling & Myers, Metairie, LA, for M/V Miss Robbie, Miss Robbie Inc.

Lonny Edward Guidroz, John T. Bennett Law Offices, Marksville, LA, for Timothy S. Rushing.

1. The plaintiff's limitation complaint was amended on March 14, 1997.

2. The Court finds that the stipulations filed by claimant Rushing do apply with the same force and effect to Bud's Boat Rentals, Inc. and Miss.

## Order and Reasons

FALLON, District Judge.

Before the Court is claimant Timothy S. Rushing's motion to lift stay of prosecution and to stay or hold limitation proceeding in abeyance pending the outcome of his state court suit. For the following reasons, claimant Rushing's motions to lift stay and to stay this limitation proceeding are GRANTED.

## Background

On February 6, 1997, claimant Rushing filed a petition for damages against Bud's Boat Rental, Inc. in the 25th Judicial District Court, Plaquemines Parish, State of Louisiana alleging that he had sustained injuries on August 20, 1996 while working for the defendant aboard the M/V MISS ROBBIE. Subsequently, on February 28, 1997[1], the plaintiff herein, the owner of the vessel Miss Robbie, Inc.[2], filed the instant complaint for exoneration from and/or limitation of liability.[3] Thereafter, pursuant to the Limitation Act, this Court entered an order staying all proceedings arising out of the incident sued upon by Mr. Rushing. *See* 46 U.S.C.App. § 185. In response, Timothy Rushing filed an answer and claim in this limitation action and now seeks to have the stay lifted and this matter held in abeyance pending the outcome of his previously filed state court proceeding.

## Analysis

It is a well-settled tenet that a claimant may proceed in state court pursuant to the savings to suitors clause of 28 U.S.C. § 1333 upon the filing of stipulations in the federal court proceeding designed to protect the vessel owner's rights under the Limitation Act. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir.), *cert. denied*, — U.S. ——, 116 S.Ct. 275, 133 L.Ed.2d 196 (1995); *See also Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). To that end, federal courts require a claimant who wishes to have a stay lifted to

Robbie, Inc. As evidenced by the plaintiff's amended limitation complaint, the two corporations are essentially the same entity.

3. *See* 46 U.S.C.App. § 181 *et seq.*

stipulate that "the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability, and that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund." *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir.1992). Additionally, the claimant must waive any claims of res judicata relevant to the issues of limitation of liability or exoneration. *In the Matter of Falcon Drilling Co., Inc.*, 1996 WL 240005 *2 (E.D.La. May 9, 1996).

In this case, claimant Rushing has made the stipulations called for by the above referenced jurisprudence. However, in spite of these stipulations, the plaintiff in limitation has raised the specter of possible claims for contribution or indemnity by yet unnamed co-defendants.[4] This objection to the adequacy of the proffered stipulations is based on the recent United States Fifth Circuit Court of Appeals' decision in *Odeco Oil and Gas Co. v. Bonnette, et al.*[5] In *Odeco*, the Fifth Circuit held that parties seeking contribution and/or indemnity must be considered "claimants" by a district court, as that term is defined by the Limitation Act. *Id.* at 675. Therefore, to fully protect the vessel owner's limitation rights, these claimants must also sign the required stipulations in order to have a motion to lift the stay granted. *Id.*

Some courts have construed the holding in *Odeco* as requiring that all *potential* claimants—whether currently involved in the litigation or not and including those involved who *may* assert a claim for contribution and indemnity but have not—be covered by the required stipulations. *In the Matter of Tidewater Inc., et al.*, 938 F.Supp. 375, 378 (E.D.La.1996).[6]

Seizing upon this reasoning, the plaintiff in limitation asserts that the proffered stipulations do not adequately protect their limitation rights because not all parties—and the Court can assume they mean all potential parties since no other parties are currently involved—have signed the stipulations. To rectify this perceived deficiency, the plaintiff in limitation contends that claimant Rushing must make a further stipulation that no new parties will be added to the litigation before this court or the state court. Claimant Rushing avers that no such stipulation is necessary because those provided are all that are required by law.

Specifically, Rushing has directed the Court to stipulation 4[7] and stipulation 7[8] as being adequate to protect the vessel owner's limitation rights in such an instance as this where no other defendants exist. This Court agrees. These stipulations are in conformity with the stipulation approved of by the Eleventh Circuit which, after analyzing Fifth Cir-

---

**4.** At this time, claimant Rushing has not sued any other party in state court and he is the only party to make a claim against the vessel in this Court. Rushing also asserts in his supplemental brief that he knows of no other potential parties who may be sued in this matter.

**5.** 74 F.3d 671 (5th Cir.1996).

**6.** This analysis, made in light of *Odeco*, finds its genesis in *Texaco, Inc. v. Williams*, 47 F.3d 765, 769–70 (5th Cir.1995) which states that "the district court should determine if any potential derivative actions exist; if so, then the stipulations should cover these as well."

**7.** Stipulation 4:

In order to afford sufficient protection from excess liability arising out of third party claims where indemnification or contribution is or may be sought by other defendants pending the resolution of all claims in the limitation proceeding, in the event there is a judgment or recovery by claimant in any state court action or proceeding of any type in excess of the value of any limitation fund determined in accordance with 46 U.S.C.App. Section 185, in no event will claimant seek to enforce such excess judgment or recover against Miss Robbie, Inc., insofar as such enforcement may expose Miss Robbie, Inc.'s liability in excess of the limitation fund, until such time as there has been an adjudication of limitation/exoneration by this Court which has the exclusive jurisdiction and authority to determine all issues relevant to Miss Robbie, Inc.'s claim for limitation of or exoneration from liability.

**8.** Stipulation 7:

In the event there is a judgment or recovery in their state court action in excess of the limitation fund whether against the plaintiff, or any other liable parties who may cross-claim or claim over the plaintiff, in no event will claimant, Timothy S. Rushing, seek to enforce said excess judgment or recovery insofar as same may expose plaintiff to liability in excess of the value of limitation fund pending adjudication of limitation/exoneration in this Court.

**308**

cuit precedent, found a similar stipulation to be sufficient to protect the vessel owner from excess liability at the hands of third parties even when there were co-defendants currently in the suit who refused to sign the proffered stipulation. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1043 (11th Cir.1996); *See also Complaint of Dammers & Vanderheide*, 836 F.2d 750, 758–760 (2nd Cir.1988).

 In this instance, where there are currently no third parties involved in any suit, state or federal, and no potential third parties known to the claimant, the stipulations made by claimant Rushing are adequate to protect the vessel owner's limitation rights. To find otherwise would allow the vessel owner to literally hold the claimant's savings to suitors rights hostage with the cry of *potential* threats to its limitation rights in the form of third party claims of contribution and indemnity which do not yet exist and in all actuality may never be asserted. Such a holding would put an end to the " 'recurring and inherent conflict' between the exclusive jurisdiction vested in the admiralty courts by the Limitation of Liability Act and the common law remedies embodied in the savings to suitors clause of 28 U.S.C. § 1333" by deciding the struggle solidly in favor of the Limitation Act. *Texaco, Inc. v. Williams*, 47 F.3d at 767 (internal cites omitted). Such a conclusion is neither called for by the jurisprudence nor mandated by statute.

### Conclusion

In summary, the lack of existing third parties along with the proffered stipulations by claimant Rushing work together to give this Court "certainty" that the federal forum will remain the sole forum for the adjudication of the plaintiff in limitation's rights to limitation and/or exoneration of liability under the Limitation Act. *Odeco*, 74 F.3d at 675. Therefore, for the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1) Claimant Timothy Rushing's *motion to lift stay* is GRANTED, and the stay entered pursuant to 46 U.S.C.App. § 185 is HEREBY LIFTED.

2) Claimant Timothy Rushing's motion to stay this limitation proceeding is GRANTED. Additionally, this action shall be marked as CLOSED for statistical purposes.

3) This Court shall retain jurisdiction, and this matter may be reopened, upon motion of any party, at such time, if any, it shall become necessary for this Court to determine issues relevant to limitation and/or exoneration.