## In the Matter of FALCON INLAND, INC. for Exoneration from or Limitation of Liability.

### No. CIV. A. 97–3772.

United States District Court,
E.D. Louisiana.

April 2, 1998.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is claimant David L. Young's Motion to Lift Stay and/or Restraining Order Issued in the Complaint for Exoneration from or Limitation of Liability. For the following reasons, claimant's Motion is HEREBY GRANTED.

## I. BACKGROUND

On May 30, 1997, claimant filed a petition for damages against Falcon Inland, Inc. ("Falcon Inland") in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana. Claimant alleges that on April 13, 1997, while he was employed by Baker Oil Tools to work on the Falcon Inland Rig No. 30 drilling barge, he fell down an unlit staircase and was injured. He alleges that his injuries were caused by the negligence of Falcon Inland.

5. *Id.*

On December 5, 1997, Falcon Inland filed a petition in this court for Exoneration from or Limitation of Liability pursuant to 46 U.S.C.App. §§ 181–189, Fed.R.Civ.P. 9(h), and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims. Claimant now moves the Court to lift the stay so that he may pursue his state court action. Claimant stipulated that he would pursue this matter exclusively in the 32nd Judicial District Court of Terrebonne Parish, reserved his right to contest the federal limitation action, conceded federal jurisdiction over the limitation of liability issue, and agreed not to enforce a judgment in excess of the limitation determined by the federal proceeding.

Falcon Inland is in accord that the limitation issue should proceed in federal court, but asserts that the exoneration issue is also reserved to federal court. Falcon Inland argues that because the claimant did not stipulate to federal jurisdiction over exoneration, the federal stay should remain in place. Therefore, the issue before this Court is whether reserving the exoneration issue to federal court conflicts with the savings to suitors clause.

## II. ANALYSIS

A claimant's common law right to seek a remedy in either state or federal court is preserved by 28 U.S.C. § 1333(1), the savings to suitors clause:

> The district court shall have original jurisdiction, exclusive of the courts of the State, of: 1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

The savings to suitors clause has been interpreted to mean a cause of action may be brought in either state or federal court. *See* 1 Benedict, Admiralty § 121 (7th Ed.1995); 1 Schoenbaum, Admiralty and Maritime Law § 5–1 (2d Ed.1994).

The amount of the judgment may be limited in a federal action pursuant to the Limitation of Liability Act (the "Act"), which provides that the:

> liability of the owner of any vessel … for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C.App. § 183(a).

Additionally, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that "the complaint *may* demand exoneration from as well as limitation of liability." Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Limitation of Liability, (2) Complaint (emphasis supplied). It is only in Rule F that exoneration is mentioned. *Id.* Since a finding regarding exoneration is tantamount to a finding on liability, or lack thereof, a tension exists between Rule F and the savings to suitors clause.

Eastern District of Louisiana courts have resolved the tension between the Act and the savings to suitors clause both ways. In *In the Matter of Antill Pipeline Construction Co., Inc.,* 1997 WL 399603 (E.D.La.), the court held that a claimant may stipulate to limitation alone and proceed with exoneration issues in state court. The *Antill* Court observed the focus of the Limitation of Liability Act is to preserve the claimant's right to proceed in the forum of choice while limiting exposure. *See id.* Additionally, the *Antill* Court noted that the United States Supreme Court found limitation reserved to federal courts, but pursuant to the savings to suitors clause, allowed liability to be determined in either state or federal court. *See id.* (citing *Lake Tankers Corporation v. Henn,* 354 U.S. 147, 152–53, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957) (the Act shall not expand beyond the limitation issue)). Furthermore, the Fifth Circuit observes that the federal court's primary responsibility in limitation actions is to fix liability caps. *See id.,* (citing *In the Matter of Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir.1992)). In addition, in discussing the tension between the Act and the savings to suitors clause, the Fifth Circuit noted that the purpose of the Act is to preserve the claimant's forum choice. *See id.,*

(citing *Odeco Oil & Gas Co., Drilling Div. v. Bonnette,* 4 F.3d 401, 404 (5th Cir.1993)).

In contrast, another court in this district held that in order to lift a federal stay order the claimant must stipulate to both limitation and exoneration. *See In the Matter of Falcon Drilling Company, Inc.,* 1996 WL 240005 (E.D.La.1996); *In the Matter of Tidewater Inc.,* 938 F.Supp. 375, 379 (E.D.La.1996); *In the Matter of Suard Barge Service Inc.,* 1997 WL 97226 (E.D.La.1997). The court reasoned that exclusive jurisdiction of the federal courts would be invaded if the vessel paid a state court judgment, but was later "exhonerated" in the federal limitation proceeding. *See In the Matter of Falcon Drilling Company, Inc.,* 1996 WL 240005 at *2.

In this case, as long as the state claim does not exceed the federal limitation cap, there is no conflict or overlap between the state and federal court's decisions. The savings to suitors clause sets out the common law right to bring a claim in the state or federal forum. Given the absence of reference to exoneration in the text of the Limitation of Liability Act, this Court concludes that the text's purpose is to address only limitation. Furthermore, only Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims refers to exoneration, and uses the permissive verb "may." If exoneration was reserved exclusively to federal court, the drafters of Rule F would have used the mandatory verb "shall."

Here, as in *Antill,* a single claimant stipulates to federal jurisdiction over the limitation issue. This Court follows the *Antill* Court and does not require stipulation to federal jurisdiction over exoneration. Where the shipowner's right to limit his or her liability is protected by claimant's stipulation that the limitation issue will be determined in the federal proceeding, the stay of the state court proceedings may be lifted. *See In re Two "R" Drilling Company, Inc. v. Rogers,* 943 F.2d 576 (5th Cir.1991) (state court stay should be lifted if claimant concedes federal jurisdiction over limitation issue) (further citation omitted); *see also In the Matter of Antill Pipeline Construction Co., Inc.,* 1997 WL 399603 at *5 (E.D.La.1997). To rule otherwise would deprive the claimant of the choice of forum bestowed by the savings to suitors clause.

Accordingly, **IT IS ORDERED** that claimant's Motion to Lift Stay and/or Restraining Order Issued in the Complaint for Exoneration from or Limitation of Liability is **GRANTED.**