UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 99-30424
_____

In Re: In the Matter of: TIDEWATER INC.,

Appellee-Cross-Appellant,

TIDEWATER MARINE INC., TWENTY GRAND OFFSHORE, INC.,

*Plaintiffs-Appellees-Cross-Appellants*,

v.

TINA A. STELLY, individually and on behalf of her unborn child,

*Claimant-Appellant-Cross-Appellee*,


con w/No. 99-30454


In Re: In the matter of: TIDEWATER INC., In the matter of the
Complaint of Tidewater, Inc., Tidewater Marine, Inc. and Twenty
Grant Offshore, Inc., as Owners and Operators of the M/V Geerd
Tide for Exoneration From or Limitation of Liability,

*TINA A. STELLY, individually and on behalf of her unborn child,*

*Claimant-Appellant-Cross-Appellee,*

*v.*

*TIDEWATER INCORPORATED, In the matter of the Complaint of
Tidewater Inc, Tidewater Marine Inc and Twenty Grant Offshore
Inc as Owners and Operators of the M/V Geerd Tide of
Exoneration From and Limitation of Liability; TIDEWATER MARINE
INC; TWENTY GRAND OFFSHORE INCORPORATED,*

*Plaintiffs-Appellees-Cross-Appellants.*


-1-

_____

Appeals from the United States District Court
for the Western District of Louisiana
_____

April 18, 2001

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This dispute arises out of the collision of the M/V Mallard, a twenty-six foot recreational crew boat, and the M/V Geerd Tide, a one-hundred foot crew boat, in Louisiana territorial waters. When the vessels collided, the M/V Mallard capsized and six of her passengers drowned. One passenger was seriously injured but survived. None of the twenty-nine people aboard the M/V Geerd Tide died or suffered serious injury.

Following the collision, Tidewater, Inc., Tidewater Marine, Inc. n/k/a Tidewater Marine L.L.C., and Twenty Grand Offshore, Inc.(collectively referred to as "Tidewater"), owners and owners *pro hac vice* of the M/V Geerd Tide, filed a Complaint for Exoneration from or Limitation of Liability in federal district court pursuant to Chapter 8 of Title 46 of the United States Code ("the Limitation Act"), which limits a vessel owner's liability to the value of the vessel and its pending freight. Vermillion Corp., owner of the M/V Mallard, filed a separate limitation proceeding in the same court. Later, the federal district court consolidated the Tidewater and Vermillion limitation proceedings,

and entered an order enjoining the commencement or prosecution of any and all suits against Tidewater or Vermillion arising out of the collision.

Representatives of the six decedents, the worker's compensation carrier of three hunting camp employees aboard the M/V Mallard, the owners of the M/V Mallard, the owners' insurer, and the Captain of the M/V Geerd Tide filed claims in the Tidewater limitation proceedings. The claimants in the Tidewater proceeding moved the district court to lift the stay and allow them to proceed against Tidewater in Louisiana state court. The claimants stipulated that they would not enforce a state court judgment beyond the alleged value of the Tidewater vessel and her pending freight unless and until the district court established a higher value or denied Tidewater's right to limitation of liability. Also, the claimants stipulated that none of their claims has priority over any other and that they would be paid from the limitation fund on a pro rata basis.

The district court denied the claimants' motion to lift the stay. The district court reasoned that this Court requires all claimants and all *potential* claimants to join in the stipulations and that the passengers and crew of the M/V Geerd Tide constitute a "readily discernible group of potential claimants" who had not joined in the stipulations. These claims were settled while this appeal was pending, leaving Tina A. Stelly, individually and on

behalf of her unborn child, the only remaining claimant in the Tidewater limitation proceeding.  Stelly appeals this decision. Tidewater filed a cross-appeal "out of an abundance of caution" to urge the following additional support for the district court's ruling: (1) a stipulation regarding appellees' right to exoneration is necessary, (2) appellants' stipulation regarding priority of claims is inadequate, and (3) since appellee-Tidewater is a claimant in the Vermillion limitation proceeding, its failure to join in the stipulation precludes lifting of the stay.

## I.

Whether a stipulation adequately protects a party's rights under the Limitation Act is a question of law that this Court reviews *de novo*.  *See Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).  This Court reviews a district court's decision to lift a stay for an abuse of discretion.  *See id.*

## II.

The first issue for our discussion is whether the district court erred by denying the claimants' motion to lift the stay of state court proceedings on the ground that potential claimants had not joined in the requisite stipulations.  This issue involves "a recurring and inherent conflict" between the exclusive jurisdiction the Limitation Act vests in admiralty courts and the common law remedies embodied in the saving to

-4-

suitors clause of 28 U.S.C. § 1333. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). Federal courts have exclusive jurisdiction over suits by shipowners invoking the Limitation Act and may stay all other proceedings while such a suit is pending. *See id.* The saving to suitors clause, on the other hand, allows a claimant to seek common law remedies against a shipowner in state court. *See id.* This Court has attempted to resolve the conflict by allowing claimants to proceed against shipowners in state court only after filing stipulations designed to protect the shipowners' rights under the Limitation Act. *See id.* at 767-68. The issue here is whether all claimants required to join in these stipulations have done so. Tidewater argues that all claimants as well as all *potential* claimants must join in the stipulations, and, since two dozen persons aboard the M/V Geerd Tide constitute potential claimants who have not joined in the stipulations, the stay cannot be lifted.

In *Texaco v. Williams*, this court stated that "if the stipulations cover all potential claimants . . . then the stay should be lifted." *Id.* A careful reading of *Texaco* reveals that this Court was concerned with three specific types of potential claims: (1) direct action claims against the shipowners' underwriters, (2) derivative claims, and (3) timely filed environmental claims. *Id.* *Texaco* did not address whether

persons who fail to file claims directly against the shipowner long after the accident are "potential claimants."

However, in *In re M/V Miss Robbie*, the shipowner "raised the specter" of potential claims by yet unnamed claimants in an attempt to defeat the claimant's motion to lift the stay. 968 F.Supp 305, 306 (E.D. La. 1997). The court held that "potential claimants" do not exist "where there are currently no third parties involved in any suit, state or federal, and no potential third parties [are] known to the claimant." *Id.* at 308. The court reasoned that to hold otherwise would allow shipowners to "hold claimant's savings to suitors rights hostage with the cry of potential threats to its limitation rights in the form of third party claims . . . which do not exist and in all actuality may never be asserted." Such a holding, the court reasoned, would effectively eviscerate the savings to suitors clause of 28 U.S.C. § 1333. *See id.*

Here, as in *Miss Robbie*, there are no claims pending in any state or federal court and the only "potential claimants" proffered by appellee have failed to file any claim for nearly three years. Furthermore, the "potential claimants" from the M/V Geerd Tide have different employers, different workmen's compensation benefits, and different insurance coverage applicable to any injuries they might assert. So, these "potential claimants" have a status much different from those who

-6-

have already filed claims.  In sum, while the shipowner here argued that the two dozen passengers aboard the M/V Geerd Tide could have seen the accident and could have been injured, the shipowner did not argue that any of those passengers were actually put in a position where a cause of action accrued to them, which they have merely not yet brought in a court.  We think that delaying recovery to the claimants who did file suits in state court and are parties to the limitation proceedings on the mere speculation that others exist to whom a cause of action has accrued is clearly stretching Texaco's "potential claimant" language too far.  Therefore, the district court erred when it concluded that the stay could not be lifted because "potential claimants" had not joined in the stipulations.

## III.

We now turn to the issue of whether the claimants' stipulations are otherwise adequate to support lifting of the stay. Tidewater argues that the stipulations are inadequate to protect its rights under the Limitation Act in three other respects.  First, the stipulations fail to protect its right to exoneration.  Second, the stipulation that the claims would be paid on a pro rata basis does not adequately prioritize the claims so as to preserve the Limitation Act's liability cap.  Third, since it is a claimant in the Vermillion limitation proceeding, Tidewater claims that it must make certain

stipulations in that proceeding before the stay in the Tidewater proceeding can be lifted.

A.

An exoneration stipulation is not needed. On two occasions, this Court has reserved ruling on the issue of whether an exoneration stipulation is required before a stay may be lifted. *See Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 675 n.7 (5th Cir. 1996); *Texaco v. Williams*, 47 F.3d 765, 769 (5th Cir. 1995). District courts in this circuit are divided on the issue. *Compare In re Falcon Inland, Inc.*, 2 F.Supp. 2d 835 (E.D. La. 1998)(Fallon, J.), *and In re TT Boat Corp.*, 1999 WL 380863 (E.D. La. 1999)(Duval, J.). Those cases that do not require an exoneration stipulation stand on firmer ground. *See generally In re Falcon Inland, Inc.*, 2 F.Supp. 2d 835 (E.D. La. 1998).

The Limitation Act itself does not expressly provide the shipowner with a right to exoneration. *See In re Falcon Inland, Inc.*, 1997 WL 399600, *4 (E.D.La. 1997)(Clement, J.). However, The Federal Rules of Procedure provide that a limitation claimant "may demand exoneration." Fed. R. Civ. Proc. Supp. Rule F. In *Falcon Inland*, the court noted that Rule F uses the permissive verb "may" and reasoned that the word "shall" would have been used if the exoneration issue were reserved exclusively to federal courts. *In re Falcon Inland, Inc.*, 2 F.Supp. 2d 835, 836 (E.D.La. 1998)(Fallon, J.). Additionally, since the Limitation

-8-

Act itself does not grant a right to exoneration, the tension is between the saving to suitors clause and Rule F, not the Limitation Act. *See id.* Supplemental Rules cannot enlarge the substantive rights conferred on shipowners by the Limitation Act. *See* 28 U.S.C. § 2072(b). In *Lake Tankers Corp. v. Henn*, the Supreme Court said, "we read no other privilege for the shipowner into [the Limitation Act's] language over and above that granting him limited liability." 354 U.S. 147, 150 (1957). Requiring an exoneration stipulation would enlarge shipowners' rights under the Limitation Act and abridge claimants' rights under the saving to suitors clause. Therefore, an exoneration stipulation is not required before the stay can be lifted. *See United States v. Sherwood*, 312 U.S. 584, 589 (1941)(holding that the act authorizing the courts "to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants"); *In re Dammers & Vanderheide*, 836 F.2d 750, 760 (2d Cir. 1988)("If claimants have a substantive right to pursue their cause of action under the 'saving to suitors clause,' it can hardly be abrogated by a federal procedural rule")(internal quotation omitted).

B.

The claimants' stipulation to payment of claims on a pro rata basis adequately prioritizes the claims. Tidewater argues that this stipulation is inadequate because it does not protect

its rights under the Limitation Act. However, this Court has noted that the purpose of limitation proceedings is to provide a "'distribution pro rata of an inadequate fund among claimants.'" *See Texaco v. Williams*, 47 F.3d 765, 769 n. 17 (5th Cir. 1995)(citing *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 550-51 (5th Cir. 1960)). Therefore, since the claimants have stipulated to a manner of distribution consistent with the purpose of the Limitation Act, the district court correctly concluded that a stipulation to a pro rata distribution is sufficient to protect appellees' rights under the act.

C.

Tidewater's failure to join in the stipulations does not prevent lifting of the stay. Tidewater is a claimant in the Vermillion limitation proceedings and, as such, contends that it must make certain stipulations in that proceeding before the stay in the Tidewater proceeding can be lifted. In support of its position, Tidewater cites this Court's decision in *In re Port Arthur Towing Co.,* 42 F.3d 312 (5th Cir. 1995). However, in *Port Arthur*, this Court affirmed the district court's decision to deny lifting of the stay where a limitation plaintiff was also a claimant in the proceeding with the stay at issue. *See id.* at 316. In contrast, Tidewater is a claimant in the Vermillion proceeding, not in the proceeding with the stay at issue in this case. As the district court concluded, Tidewater's failure to

-10-

stipulate in the Vermillion proceeding is irrelevant in determining whether the stay should be lifted in the Tidewater proceeding.  To hold otherwise would allow shipowners to hold out and ensure the claimants' failure at an attempt to make the necessary stipulations.

## CONCLUSION

All "potential claimants" have joined in stipulations which adequately protect Tidewater's rights under the Limitation Act. For this reason, the district court's denial of the claimants' motion to lift the stay is reversed and the stay is lifted to allow claimants to prosecute common law claims in state court pursuant to the saving to suitors clause of 28 U.S.C. § 1333.