IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30126
Summary Calendar
_____

In Re: In the Matter of the Complaint of L & L ENVIRONMENTAL SERVICES, INC., as owner of the B-20, B-21, B-29, B-31, B-34, and B-35, for Exoneration or Limitation of Liability,

_____

L & L ENVIRONMENTAL SERVICES, INC., as owner of the B-20, B21, B-29, B-31, B-34, and B-35,

Petitioner-Appellee

versus

THE MERIDIAN RESOURCE & EXPLORATION COMPANY; TEXAS MERIDIAN PRODUCTION CORPORATION,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3859-S
_____

September 13, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and STEWART, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

On June 24, 1999, an oil-well owned and operated by Appellant Meridian Resource & Exploration Company ("Meridian") blew out near the intersection of Bayou Chene and the Intercoastal Waterway. L&L Environmental Services, Inc. ("L & L"), was hired to contain the spill and assist in cleanup efforts. On June 28, 1999, Mandalay Properties, L.L.C. ("Mandalay") a class-action lawsuit in Louisiana state court against Meridian, L & L, and others. Mandalay asserted claims against Meridian in maritime and state law and alleged that L & L negligently failed to contain and remove pollution following the blowout. Upon Mandalay's motion, the district court dismissed L & L from the suit without prejudice.

L & L subsequently filed a petition in federal district court pursuant to the Limitation of Liability Act seeking exoneration or limitation from liability arising from its role in the cleanup efforts. Meridian filed an answer to the limitation petition and a claim that L & L was liable to it for indemnification or contribution. No other claims were filed, and L & L moved for summary judgment on Meridian's claim. The district court granted L & L's motion, and Meridian appeals.

Meridian first argues that the district court determined prematurely whether Meridian could prove its claim against L & L because, under maritime law, a cause of action for contribution or indemnity does not arise until a judgment is entered on the principal demand against the principal defendant. Meridian's reliance on *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985), is misplaced. *Marathon Pipe* held that when determining whether a third-party indemnity claim was time-barred, the action did not accrue until the principal defendant was cast in judgment on the principal demand. *See id*. at 236. It was appropriate for the district court to first determine whether L & L was liable at all on Meridian's claim. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 769 n.19 (5th Cir. 1995)

2

("questions to be settled in the proceedings are 'first, whether the ship or its owners are liable at all'" (quoting *Providence and New York Steamship Co. v. Hill Mfg. Co.*, 109 U.S. 578, 595 (1883))).

The district court did not err in granting L & L's motion for summary judgment. Meridian responded to L & L's motion for summary judgment with allegations in the complaint and the testimony of plaintiffs' state-court expert. A complaint's allegations are insufficient to defeat Meridian's summary judgment motion. *See Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 256 (1986).* Furthermore, the expert's testimony, concerning the presence of a hydrocarbon sheen beyond the boundaries of the control booms, does not address any alleged negligence on the part of L & L in deploying the booms. Nor does the presence of a hydrocarbon sheen necessarily lead to an inference that the sheen's presence was the result of L & L's performance.

AFFIRMED.