United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

Revised April 5, 2004

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 03-30719
_____

In Re: In the Matter of: TETRA APPLIED TECHNOLOGIES L P,
as owner or, alternatively owner Pro Hac Vice of Tetra
Rig No 6 for Exoneration from or Limitation of Liability

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


TETRA APPLIED TECHNOLOGIES, L.P.,
As Owner, or, Alternatively, Owner Pro Hac Vice
of Tetra Rig No. 6,

Plaintiff-Appellee,

versus

LOUISIANA WORKERS COMPENSATION CORP., et. al.

Defendants,

TODD J. LEGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____


Before KING, Chief Judge, JONES and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This appeal arises in the context of a federal court action filed by a drilling rig owner (Tetra) seeking exoneration from, or limitation of, liability under the Limitation Act, 46 U.S.C. App. § 183. The district court refused to lift its stay of state court proceedings because plaintiff Leger refused to stipulate to exclusive federal court jurisdiction over Tetra's claim of exoneration from liability. We reverse and remand, and reiterate our prior holding that an exoneration stipulation is not required to protect a shipowner's rights under the Limitation Act.

## I.   BACKGROUND

On February 20, 2001, Todd Leger was injured in an incident on an inland drilling rig owned and operated by Tetra Applied Technologies, L.P. ("Tetra"). Leger sued Tetra and others for damages in state court. Tetra answered the state action but also filed a complaint in federal district court seeking exoneration from, or limitation of, its liability with regard to Leger's claims.[1] Initially, the district court enjoined the filing or prosecution of any actions arising out of Leger's accident.

Leger moved to dissolve the injunction and submitted stipulations which provided that:  (1) Leger "concede[s] that [Tetra] is entitled to and has the right to litigate all issues

---

[1]     Later, the Louisiana Worker's Compensation Commission ("LWCC") also filed a claim against Tetra to recover any funds paid to Leger as a result of the February 2001 incident.

2

relating to limitation of liability . . . in this Court;" (2) Leger would "not seek . . . in other federal or state courts, any judgment or ruling on the issue of Tetra's right to limitation of liability;" (3) Leger would "consent to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that the state court may render;" and (4) Leger would not "seek to enforce any excess judgment or recovery insofar as it may expose [Tetra] to liability in excess of $725,000 pending the adjudication of the complaint of limitation of liability." On March 21, 2003, the district court lifted its stay of proceedings. Upon reconsideration, however, the court reinstated the stay, finding that Leger had not offered sufficient stipulations with regard to exoneration. Leger now appeals, arguing that an exoneration stipulation is not required where the plaintiff has stipulated to exclusive federal jurisdiction over the limitation of liability issues and has agreed to waive any res judicata claims with regard to the state court's resolution of issues relating to the limitation of liability.

## II.  DISCUSSION

### A.  Standard of Review

This court reviews a district court's decision to lift a stay for abuse of discretion. See In re In the Matter of Tidewater Inc., 249 F.3d 342, 345 (5th Cir. 2001) ("In re Tidewater").  At

3

the same time, however, the issue whether a set of stipulations adequately protects a shipowner's rights under the Limitation Act is a question of law reviewed de novo.  Id.

**B.    The Limitation Act and the Saving to Suitors Clause**

The Limitation Act provides that

> [t]he liability of the owner of any vessel . . . for any act, matter, or thing, loss, damage or forfeiture, done, occasioned, or incurred, without the privity or knowledge of [the] owner or owners . . . shall not . . . exceed the amount or value of the interest of [the] owner in such vessel, and her freight then pending.

46 U.S.C. App. § 183(a) (2000).  The Supreme Court has noted that the Limitation Act is "not a model of clarity," in part because Congress, "having created a right to seek limited liability . . . did not provide procedures for determining the entitlement." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 447 (2001).  Because it found the Act to be "incapable of execution" without further instructions to the courts, the Supreme Court promulgated procedural rules to govern limitation actions.  See id. (citing Norwich Co. v. Wright, 80 U.S. 104, 121 (1872); Supplementary Rules of Practice in Admiralty, 13 Wall. at xxi-xiv).  The procedure for a limitation action is now contained in Supplemental Admiralty and Maritime Claims Rule F, which provides that a "complaint may demand exoneration from as well as limitation of liability." Fed. R. Civ. P. Supp. R. F(2).

4

Courts have had difficulty interpreting the interaction between the Limitation Act and the "saving to suitors" clause of the Judiciary Act of 1789. The Judiciary Act of 1789 provides that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (2000) (emphasis added). Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court. See Lewis, 531 U.S. at 448. The tension is highlighted to the extent that Rule F allows a district court to "enjoin the further prosecution of any action or proceeding against the [owner] or the [owner's] property with respect to any claim subject to limitation in the action." FED. R. CIV. P. SUPP. R. F(3).

The Supreme Court addressed this tension in a pair of related cases. See Langnes v. Green, 282 U.S. 521, 541-43 (1931); Ex parte Green, 286 U.S. 437, 439-40 (1932). The Court first held that where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court, the federal court must allow the claimant's action to proceed in state court while retaining jurisdiction over the

5

limitation of liability action.  See Langnes, 282 U.S. at 541-43. Later, the Court held that the federal court may enjoin the state court proceeding unless the claimant agrees to withdraw any state submissions relating to the limitation of liability.  See Ex parte Green, 286 U.S. at 439-40.  The Court extended this approach to allow the state action to proceed in cases with multiple claimants where the total value of the claims does not exceed the value of the limitation fund, so long as the claimants stipulate to exclusive federal jurisdiction over the limitation of liability issues.  See Lake Tankers Corp. v. Henn, 354 U.S. 147, 151-52 (1957).

This court has recognized that "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."  Odeco Oil & Gas Co. v. Bonnette, 4 F.3d 401, 404 (5th Cir. 1993).  Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court.  See Lewis, 531 U.S. at 454 (where a district court "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion").

The foregoing principles apply to limitation actions. A shipowner's claim for exoneration is different from limitation. Exoneration raises defenses to liability while limitation seeks to confine the vessel owner's liability, which is otherwise determined, to no more than the value of the vessel. Accordingly, the question at issue in this case is whether the district court abused its discretion by requiring Leger to stipulate to exclusive federal jurisdiction over Tetra's claim of exoneration from liability before it would dissolve the stay of the state court proceedings.

## C. In re: Tidewater and Lewis v. Lewis & Clark Marine, Inc.

In In re Tidewater, this court explicitly held that an exoneration stipulation is not required under the Limitation Act before a district court dissolves a stay of state court proceedings. See In re Tidewater, 249 F.3d at 346. In doing so, this court noted that the Limitation Act "itself does not expressly provide the shipowner with a right to exoneration," and that the use of the permissive phrase, "[t]he complaint may demand exoneration as well as limitation of liability," in Rule F indicates that the issue of exoneration is not exclusively reserved to the federal courts. See id. at 346-47; FED. R. CIV. P. SUPP. R. F(2) (emphasis added). In addition, because the Limitation Act does not explicitly provide for a right of exoneration, any

7

potential conflict exists not between the Limitation Act and the saving to suitors clause, but rather between Rule F and the saving to suitors clause. See id. at 347. The rules of procedure cannot, however, enlarge the substantive rights conferred on shipowners by the Limitation Act. The court concluded that the exoneration-related language in Rule F cannot abridge the rights secured by the saving to suitors clause. See id.

Tetra argues that the Supreme Court's nearly contemporaneous holding in Lewis undermines the legal analysis of that case. Lewis was decided nearly two months before this court's ruling in In re Tidewater but not cited in it. A close examination of Lewis actually undermines Tetra's argument. In Lewis, a district court dissolved an injunction after the injured party stipulated that the claim did not exceed the limitation fund; the shipowner could relitigate any issues relating to the limitation of liability in federal court; and he waived any res judicata effect of the state court judgment on limitation issues. See Lewis, 531 U.S. at 441-42. The district court retained jurisdiction over the limitation action to protect the shipowner's right to limitation. See id. at 442. The Eighth Circuit held that the district court had abused its discretion in dissolving the stay, finding, inter alia, that the shipowner had a right to seek exoneration from liability, not merely limitation, exclusively in federal court. See Lewis v. Lewis & Clark Marine, Inc., 196 F.3d 900, 908-10 (8th

8

Cir. 1999), rev'd and remanded by 531 U.S. 438 (2001). The Supreme Court reversed the Eighth Circuit, reasoning that while the Limitation Act was "designed to encourage investment and protect vessel owners from unlimited exposure to liability," the Court's earlier decisions explained that "'the Act is not one of immunity from liability but limitation of it.'" See Lewis, 531 U.S. at 453 (quoting Lake Tankers, 354 U.S. at 152). Hence, although "vessel owners may contest liability in the process of seeking limited liability . . . [t]he Act and the rules of practice . . . do not create a freestanding right to exoneration from liability in circumstances where limitation of liability is not at issue." Id.

Tetra argues that where limitation of liability is at issue, however, there is a right to exoneration, such that a stipulation must confirm exclusive federal jurisdiction over exoneration. Leger, on the other hand, asserts that limitation and exoneration issues may be "neatly divided" and that exoneration is outside the exclusive jurisdiction of the federal courts. At one level, Tetra is correct: vessel owners do have a right to seek exoneration from liability in the context of a limitation proceeding in federal court. See Lewis, 531 U.S. at 453 (recognizing that a shipowner may contest liability in the process of seeking limited liability). Exoneration is not wholly separate from limitation.

But Tetra mistakenly contends that this right may <u>only</u> be vindicated through a stipulation that exclusively reserves exoneration issues to the federal court.  If anything, <u>Lewis</u> cuts in the opposite direction.  The Supreme Court there held that the district court did not abuse its discretion by dissolving a stay where the shipowner's right to limitation was adequately protected by the injured party's stipulations, even without a stipulation addressing federal court jurisdiction over exoneration.  <u>See</u> <u>id</u>. at 453-54 (noting that when stipulations such as those made in <u>Lewis</u> are agreed upon, "nothing more [is] required to protect [the shipowner's] right to seek a limitation of liability").  The Eighth Circuit's helpful decision in <u>Riverway Harbor Service, St. Louis, Inc.</u>, 263 F.3d 786, 790-92 (8th Cir. 2001), confirms this understanding of <u>Lewis</u>.[2]  In <u>Riverway</u>, the Eighth Circuit held that where an injured party agrees to reserve limitation of liability issues to the federal court, to waive any res judicata claim related to limitation, and to refrain from enforcing any state court judgment in excess of the limitation fund prior to the federal proceeding, the requirements of <u>Lewis</u> are met.[3]  <u>See</u> <u>Riverway</u>, 263 F.3d at 791-92.

_____

[2]    Following oral argument in the Eighth Circuit, <u>Riverway</u> was held in abeyance pending the outcome of the Supreme Court's ruling in <u>Lewis</u>.  <u>See</u> <u>Riverway</u>, 263 F.3d at 790.

[3]    The injured party in <u>Riverway</u> also agreed to a certain priority order for claims and that the limitation fund accurately reflected and equaled the value of the vessels involved.  <u>See</u> <u>Riverway</u>, 263 F.3d at 791-92.

10

In the present case, the district court, reconsidering its original dissolution of the stay, failed to cite this court's decision in Tidewater. Moreover, it distinguished Lewis because although Leger had agreed to nearly the same set of stipulations as those in Lewis, he did not stipulate to the adequacy of the limitation fund. Importantly, however, Leger did stipulate that he would not seek to enforce any state court judgment in excess of the limitation fund. This stipulation accomplishes the same purpose as stipulating to the adequacy of the fund; it protects the shipowner's right to cap his liability at the amount of the fund, pending the limitation proceeding. See, e.g., Odeco Oil, 4 F.3d at 405 n.7 (where "a stipulation covers all claimants and assures [the shipowner] would never have to pay more than the limitation fund if the admiralty court so determines," the rights of the shipowner under the Limitation Act are protected).

In the course of advocating the position that the district court adopted on reconsideration, Tetra's major concern was not that its liability would exceed the fund, but that its rights would not be protected if Leger could recover any amount in state court. However, the Supreme Court rejected just such an argument in Lewis, holding that the right to seek limitation was adequately protected by stipulations that allowed the federal proceeding to go forward after a determination on the merits by a

11

state court and with ultimate recovery limited, at a maximum, to the total value of the fund. See Lewis, 531 U.S. at 453-54.

The Supreme Court in Lewis relied upon the district court's exercise of its discretion to determine that the shipowner's rights were adequately protected by the stipulations agreed to by the injured party. See id. at 454. In the instant case, however, the district court's reconsideration order, finding that Leger's stipulations did not adequately protect Tetra's rights, was premised on an error of law. Because the proffered stipulations were sufficient to protect the rights of the shipowner to limitation, the court's denial of Leger's right to a choice of forum under the saving to suitors clause constitutes an abuse of discretion. See In re Two "R" Drilling Co., Inc. v. Rogers, 943 F.2d 576, 578 (5th Cir. 1991) ("Where the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding."); Valley Line Co. v. Ryan, 771 F.2d 366, 373 (8th Cir. 1985) ("[I]t is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum."); accord Riverway, 263 F.3d at 792.

### III.  CONCLUSION

12

For the reasons discussed above, we **REVERSE** and **REMAND** this action to the district court with instructions to dissolve its stay of the state court proceedings.

**REVERSED** and **REMANDED.**